## McCullough *vs.* Caldwell.

A proceeding by *sci. fa.* to enforce a mechanic's lien, is strictly a proceeding *in rem*, and the employer is in no way personally liable in the action.

He cannot, therefore, plead in such action, his discharge under the bankrupt act.

A defendant who pleads such discharge properly, and has judgment thereon, is afterwards a competent witness in the case.

If the property on which the lien is claimed has been purchased on valid judgment and execution, before the date of the lien, of course the purchaser's claim has preference, and must be satisfied before the statutory lien can attach.

In pleading such purchase, the judgments and executions under which the sale was made, must be set out; and on the trial exhibited.

The possessory interest of the employer is supposed to be chargeable with the lien, until that presumption is overthrown by proof or pleading.

This was a proceeding by *sci. fa.*, to enforce a mechanic's lien, tried in Saline Circuit Court, in February, 1843, before the Hon. John J. Clendenin, one of the circuit judges. McCullough filed his claim and account for a lien, according to law, on the 2d of February, 1841, against the dwelling-house of William S. Lockert, in Saline, for $552 79, and the proper entry was made on the judgment docket. The account being afterwards lost, he was allowed, after suit commenced, to file it *nunc pro tunc*, on the 28th August, 1841. A declaration in assumpsit was filed against Lockert on the 19th of July, 1841, and a scire facias issued against Lockert, and Charles Caldwell, who was stated to have purchased the property under execution. In February, 1843, Lockert pleaded his discharge under the bankrupt act. Demurrer to plea overruled, and judgment that Lockert go without day. Caldwell then filed six pleas to the *sci. fa.*, on all which pleas issues were joined. The pleas set up as defences, that Caldwell purchased the property on the 22d of February, 1841, "on execution on sundry judgments rendered in that court in August, 1840"—that the lien never was laid or taken legally—that Lockert

did not assume as alleged in the declaration—payment by Lockert—that the work was not well done—and that Lockert did not make the contract as proprietor of the property.

On the trial the plaintiff offered to swear Lockert as a witness. The Court refused to allow him to testify; and plaintiff excepted. Caldwell produced no evidence; but on his motion, after much evidence introduced by the plaintiff, the jury were instructed to find, and did find, as in case of non-suit. Judgment accordingly, and error.

The case was argued here by *Pike & Baldwin*, for plaintiff in error, and *Watkins* and *Hempstead*, contra.

*By the Court*, Lacy, J.   There is a great deal of extraneous matter in this cause, which it is wholly unnecessary to notice in deciding it.   The points upon which it must turn are few and plain.   A bare statement of them will be sufficient to settle them all.   The plaintiff in error brought a suit to subject the property, on which he erected a building, to his lien as a mechanic.   The declaration was filed for the purpose, it would seem, of making the proprietor of the property personally responsible, as well as charging the building and lot of ground on which it was erected with the lien.   The plaintiff, however, abandoned the ordinary remedy, and proceeded by *scire facias* against the property.   To this proceeding, Lockert, the individual who contracted to have the building put up, and was known to be in possession of the property at the time the lien is attempted to be fixed; and Caldwell, who claims to have bought the property at sheriff's sale under valid judgments and executions, were parties.   Caldwell insists, in several pleas, that these judgments and executions are binding, and bear date anterior to the plaintiff's lien, and have a preference over it.   Lockert pleads a final certificate of discharge under the act of bankruptcy, and the Court dismissed the suit as to him.   We would here remark, as the case stands at present, that this plea has nothing at all to do with the matter.   The suit being by *scire facias*, as this Court has already decided at this term, in the case of *Woodruff vs. Robins*, is a proceeding strictly *in rem*, and therefore Lockert is in no manner whatever personally responsible in the present form of action.   If he

had been sued in the ordinary way, he would be responsible on his contract, and then his final certificate of discharge in bankruptcy would, if properly pleaded, exonerate him from all liability; and having no interest in the event of the suit, he would be a competent witness to testify between the parties. The pleas of Caldwell would undoubtedly bar the action, if they had been properly pleaded—(and even that defect is probably cured by the joinders,) had they been proved on the trial. It is unquestionably true, for so it has been recently adjudged by this Court on full inquiry, that if Caldwell has bought the property on valid judgments and executions, prior to the date of the mechanic's lien, of course his claim must have preference, and be first satisfied, before the statutory lien can attach. This principle is so obvious and important that it need only be mentioned to command universal assent. In the present case, Caldwell has failed in his pleas to set out the judgments and executions under which he purchased and acquired title; nor has he even attempted to exhibit the judgments and executions on the trial, so far as appears from the rolls. He has wholly failed to prove his pleas, and consequently there was error in instructing the jury to find in the case of Caldwell, as in non-suit. The case then stands simply on the plaintiff's averments; and they show that Lockert had a possessory interest in the property, and of course that interest is chargeable with the lien, and even that interest is held subject to vested rights of the legal or equitable owner of the estate. As the court below instructed the jury to find as in case of a non-suit there is error in the opinion; for the possessory interest of Lockert is presumed to stand chargeable with the lien, till that presumption is rebutted and overthrown by other proof or pleading in the cause. Judgment reversed.