SPRINGSTON VS WHEELER,

Opinion delivered October 6, 1900.

*1.   Mechanics Liens—Foreclosure—Complaint—Sufficiency of Allegations of Residence, and Citizenship.*

> In a complaint, in an action to foreclose a mechanics lien it was alleged "that plaintiff, W. of S., Indian Territory states defendant of same place"; and that "plaintiff filed with the clerk of this court, in the Northern judicial district, wherein said property is all situated" etc., and further states that he has a lien "on building and appurtenances now situate" on certain lots "in the town of S., Indian Ter., both then and now owned and occupied by said defendant". *Held*, that the conplaint sufficiently states the residence of the defendant and the location of the property, to confer jurisdiction of same on the U. S. court for the Northern Judicial District.

*2.   Mechanics Liens—Improvements on Indian Lands—Rights of One Indian to Foreclose on Building of Another.*

> The Act. of Cong, May 2, 1890, extending over and putting in force in the Indian Territory, Chapter 96, Mansf. Dig., known as the "Mechanics Lien Law (Chapt. 44, Ind. Ter. Stat) further provides "that executions upon judgments in any other than. indian courts shall not be valid for the sale or conveyance of title to improvements made upon lands owned by an Indian nation, etc." Defendant, in an action to foreclose a mechanics lien had only a possessory interest in the premises sought to be taken and sold, the title being in the Indian Nation. *Held*, that the "special fieri facias" provided in Mansf. Dig. Sec. 4417 (Ind. Ter. Stat. 2884) is not included in the inhibition against "executions" contained in the Act of Cong. referred to, and a decree of foreclosure and sale would reach the interest of defendant in the improvements; for otherwise, no mechanics lien could be enforced in the Indian Territory, and to so construe the statute would render it nugatory,

Appeal from the United States court for the Northern district.

WILLIAM M. SPRINGER, Judge.

Action by W. W. Wheeler against John L. Springston. Judgment for plaintiff. Defendant appeals. Affirmed.

On February 4, 1898, in the court below, the plaintiff, W. W. Wheeler, brought his action against the defendant, John L. Springston, alleging that the defendant was indebted to him in the sum of $321.79, for materials furnished and used under a contract in erecting a certain building and appurtenances situate on lots 10, 11, and 12, block 42, Sallisaw, Indian Territory, "both then and now owned and occupied" by the defendant. The complaint further alleges that, within the statutory time, plaintiff filed with the clerk of the court for the Northern district, wherein said property was situated, a true account of his demands, and that he has a lien on said building and appurtenances, and also on said defendant's right, title, and interest in said lots. It appears that the defendant in the court below, on May 7, 1898, made default, and judgment was taken against him as prayed for; that on June 6, 1898, the defendant filed a motion to set aside the said judgment by default; that on October 6, 1898, said motion was overruled by the court, and on same day defendant filed a motion in arrest of judgment. On October 18, 1898, said motion being heard, the court "sustained said motion for the arrest of the judgment, and arrested the said judgment as to the amount of the indebtedness adjudged to be due, and as to the lien upon the property specified in the complaint and in the said judgment." On October 22, 1898, defendant filed a demurrer "to that part of the complaint setting forth the claim for and right to a material man's lien," which on same day was overruled by the court. Thereupon defendant, on same day, filed his answer to so much of the complaint as prayed for a lien, setting up that at the time of furnishing the materials mentioned both plaintiff and defendant were recognized members of the Cherokee Tribe or Nation of In-

dians, and residing in said nation, and that so much of the laws in force in said territory as pertains to liens in favor of persons furnishing materials for building purposes is locally inapplicable to plaintiff and defendant; and that the materials furnished were used upon the public domain of the Cherokee Nation; and that defendant, at the time of the purchase or use of said materials, had not any such owner-ship, right, or interest in the ground that a lien could attach thereto which the court could enforce, and that the court is without jurisdiction to render judgment giving to plaintiff a lien upon either the building or the ground upon which it stands The plaintiff replied thereto that he was a United States cit-izen when the cause of action accrued, as appeared from the records of the court, and on the same day the case was tried before the court without a jury, by agreement, and the plain-tiff was the only witness introduced by either party. He testified, in substance, that the account sued on was correct, and that both plaintiff and defendant were Cherokee citizens by blood, but that, some years before the furnishing of the materials stated, plaintiff had been naturalized as a United States citizen; that the town of Sallisaw was not an incorpo-rated town under Cherokee law, but had been incorporated under the Arkansas law, in force in the territory. The court thereupon rendered judgment in favor of the plaintiff for the amount sued for, and decreeing a lien on the building and appurtenances and said lots, and that an order of sale issue. The defendant moved for new trial, which was overruled, and he appealed to this court.

S. S. Fears, G. B. Denison, and Marcum, Bailey & Owen, for appellant.

Jackson & Pointer, for appellee.

TOWNSEND, J.    The appellant, in his brief, assigns three specifications of error, which are as follows, to-wit: "(1) The court erred in rendering judgment for plaintiff, because there is no law in force in this jurisdiction by which

there is given to one Indian a lien upon the residence of another Indian of the same tribe, situated on the Indian land, or on land the title to which is in the Indian nation, which can be enforced in the courts of the United States. (2) Because the plaintiff fails to allege the residence and citizenship of the defendant. (3) Because the plaintiff fails to allege that the house and land on which plaintiff claims a lien are situated in the northern district, and within the jurisdiction of this court."

The complaint filed by plaintiff says, in its first clause, "that plaintiff, Wm. W. Wheeler, of Sallisaw, Indian Territory, states defendant, of same place, John L. Springston," etc.; and said complaint further says, "Plaintiff filed with the clerk of this court, in the northern judicial district, wherein said property is all situated, a true and just account of the demands due," etc., and, further, plaintiff alleges that he has a lien on building and appurtenances "now situate on lots 10, 11 and 12 of block No. 42 in the town of Sallisaw, Indian Territory, both then and now owned and occupied by said defendant." While the allegations in the complaint are inartificially stated, yet we think it sufficiently appears from the complaint that the building and lots on which plaintiff claim sa lien are situated in the northern judicial district, and that the defendant was a resident of said district, and within the jurisdiction of the court. The first appearance of the defendant in the case was by filing a motion to set the default judgment aside, and the first ground set out in said motion is as follows: "This defendant resides at Sallisaw, I. T. That plaintiff had him served with a summons in the case on the —— day of ——, 1898, but furnished him with no copy of the complaint." It is conceded in appellant's brief that by the acts of Congress the United States court in the northern district has jurisdiction of all persons, and the defendant, by filing his motion and answer in the case, has submitted to the jurisdiction of the court. We, therefore, are of the opin-

*[margin note:]* Pleading Complaint.

the jurisdiction of the court. We, therefore, are of the opinion that assignments of error Nos. 2 and 3 are not well taken.

In the snswer filed by the defendant, he "says that at the time of the furnishing of the materials mentioned in said complaint, and of the building mentioned therein, both the plaintiff and defendant were Cherokee Indians, and recognized members of the Cherokee Nation or Tribe of Indians, and residing in said nation, and that so much of the laws in force in the Indian Territory as pertains to liens in favor of persons furnishing materials for the construction of a building was locally inapplicable, and wholly inapplicable to the plaintiff and defendant, and the said material was used upon a portion of the public domain of the Cherokee Nation, and the defendant had not at the time of the purchase or use of the materials any such ownership, right, or interest in the ground that a lien could attach thereto that can be enforced in this court, and it is without the jurisdiction of this court to render any judgment herein giving to plaintiff a lien upon either the building or the ground upon which it stands, or to issue any process for the enforcement of such a judgment." To this answer plaintiff replied as follows: "Plaintiff, W. W. Wheeler, in above cause, states, by way of reply to the allegations of defendant J. L. Springston's answer therein, that this plaintiff was a citizen of the United States when this cause of action accrued, as will more particularly appear, reference being had to the records of this court,— plaintiff having taken out naturalization papers and being sworn in as a citizen of the United States on May 12, 1896; such facts being of record in this court." The construction of section 4409, Mansf. Dig. (section 2876, Ind. T. Ann. St. 1899; Mechanics' Lien Law), by the Arkansas supreme court, makes this statute operative wherever the owner or person constructing the building has an interest in the land, but only the interest which such person has can be sold. McCullough vs Caldwell, 5 Ark. 238; White vs Chaffin, 32 Ark.

59; 15 Am. & Eng. Enc. of Law, pp. 9, 10; Jones, Liens, §§
1257, 1258, 1272-1279, 1368-1372; Phil. Mech. Liens, §§ 186,
188, 192. It is clear from the record in this case that the ap-
pellee has become a citizen of the United States under and
by virtue of the naturalization provided for in the forty-third
section of the act of Congress of May 2, 1890. But the serious
question in this case, and the only one of any doubt, is
whether, under section 31 of said act of May 2, 1890, which
adopts and puts in force the mechanics' lien law of Arkansas
being chapter 96, Mansf. Dig. (chapter 44, Ind. T. Ann. St
1899), it is intended by other provisions in the same section
of said act to make said mechanics' lien law inapplicable in
the territory. If it is inapplicable in this case, it is in all.
In the case at bar the appellant has a possessory interest,
and that is the only interest any person has in the lands in
the Indian Territory. By section 4417, Mansf. Dig. (section
2884, Ind. T. Ann. St. 1899), it is provided as follows: "The
execution to be issued shall be a special fieri facias, and
shall be in conformity with the judgment, and shall be re-
turnable as ordinary executions." In section 31 of the act
of May 2, 1890, which is the same section that puts in force
chapter 96 of Mansf. Dig. (chapter 44, Ind. T. Ann. St. 1899),
known as the "Mechanics' Lien Law," is this provision:
"That executions upon judgments obtained in any other
than Indian courts shall not be valid for the sale or convey-
ance of title to improvements made upon lands owned by
an Indian nation, except in the cases wherein attachments are
provided for." Do the "executions" that are declared "shall
not be valid" as above stated in said section 31 include the
"special fieri facias" provided for in section 4417, Mansf.
Dig. (section 2884, Ind. T. Ann. St. 1899), above quoted? It
is well understood that all mechanics' lien laws are statutory.
They were unknown to the common law. See Jones on Liens:
"At common law a mechanic has no lien upon a building for
labor done upon it. Equity raises no lien upon it other than
the grantor's lien for purchase money. There is no common-

*[margin note: Improvements on Indian Lands. Mechanics' Liens upon.]*

law lien of any kind upon real property. A mechanic has a lien at common law for labor done upon a chattel so long as he retains possession of it, but a mechanic or laborer cannot retain possession of real property upon which he has performed labor. A mechanic's lien upon real property has been declared to be in the nature of a mortgage of the property, though it is imposed by statute in favor of a whole class of persons. It has also been likened to an attachment and to a lis pendens.'' Section 1184. Also, see Phillips on Mechanics' Liens: ''The decisions in each state must conform to its own mechanics' lien law. The federal tribunals, in matters of lien, are bound by the decisions of the highest court of a state in interpreting its own statute. There is no distinction to be observed in the construction of statutes creating these liens and other expressions of legislative will. The general rules adopted to discover and interpret the intention of laws are also applicable. Thus the whole law on the subject of mechanic's lien must be read together when interpreting the rights of parties under any of its provisions. Again, it has been declared that, as acts in relation to mechanics' liens establish a system altogether out of the course of the common law, when points arise evidently not foreseen by the legislature, and upon which the statutes have not spoken, the grounds of decision to be resorted to must be the general scope and spirit of the enactment, the analogy of cases which have already been settled, and such considerations of policy as may be supposed to have had their influence on the minds of the lawmakers, and to aim at such results as will most effectually promote the interest and security of those classes of men whom the system was designed to favor. Upon a doubtful question of construction, the argument from inconvenience has great force. As when the whole of enactments are considered in connection, and it is impracticable to carry out a particular intent by any procedure provided by the statute, or where absurd consequences in many supposable cases would result, these circumstances are sufficient to de-

termine the judgment of the court. So, where an injustice would result from the construction of an act, it should not be adopted without the most explicit language. Thus, if a law provide that after its passage 'no claim of a mechanic, filed in pursuance of a previous act, should continue to be a lien for a longer term than five years from the day of filing the same,' etc., it does not apply to claims which had been filed before the passage of the act, as it might give to some of the liens then entered only a month or day for their enforcement, or even, if the five years had expired, abolish them entirely. But in no case is it competent for the judiciary to set up its views of the general policy of the public against those of the legislature, and, disregarding what may be considered unwise legislation, exert any controlling influence in preventing a fair and liberal interpretation of the remedy contemplated and provided by the legislature." Section 14. To hold that the "special fieri facias" above referred to shall not be valid under the term "executions" mentioned in section 31 above stated, then the adoption and putting in force in the Indian Territory of chapter 96, Mansf. Dig. (chapter 44, Ind. T. Ann. St. 1899), in said section 31, is meaningless, and chapter 96 (chapter 44) cannot be enforced. Is this a fair and just interpretation of the legislative will? The statute for the enforcement of mechanics' liens is highly remedial,—universally so regarded by the courts,—and did not Congress intend that the Indian Territory should have the benefit of the same? We are of the opinion that it did, and that the statute should be enforced. There being no question but what the case at bar falls within the statute, we are of opinion that the judgment of the court below was correct, and it is therefore affirmed.

CLAYTON, C. J., and THOMAS and GILL, JJ., concur.