ARNOLD vs CAMPBELL.

Opinion delivered October 5, 1901.

*1.   Mechanic's Lien—Indian Lands.*

> Chapter 96 of Mansf. Dig. of Laws of Ark. was adopted and put
> in force in the Indian Territory by Act of Cong. of May 2, 1890,
> and its provisions for the creation and enforcement of me-
> chanic's and material men's liens are not locally inapplicable
> because of the fact that the title to the land is still in the In-
> dian Nation; for the lien can attach to the interest of the
> individual in the real estate on which the improvements are
> situated.

*2.   Incorporation of Towns—Courts Will Take Judicial Notice of Incor-
poration.*

> Where, in an action to enforce a mechanic's lien on building and
> lot, it is alleged that the said lot is in a town within the In-
> dian Territory, the courts will take judicial notice that such
> town is incorporated, if it is located within the district where-
> in the case is pending, and evidence of such incorporation is
> unnecessary.

Appeal from the United States Court for the Central
District.

W. H. H. CLAYTON, Judge.

Action by J. I. Campell against J. E. Arnold. Judg-
ment for plaintiff. Defendant appeals. Affirmed.

On June 9, 1900, the plaintiff below filed his amended
complaint in an action previously instituted by him against
the defendant below in the United States Court for the
Indian Territory at South McAlester, Ind. T., to en-
force a material man's lien against defendant below for the
sum of $331.47 for lumber, doors, sash, shingles, and build-
ing material furnished by plaintiff below to defendant below

for the purpose of erecting and building a certain residence situated within the limits of the town of South McAlester, Ind. T., which said building is owned and occupied by defendant below as a residence. The defendant below filed his answer to said complaint, specifically denying each and every allegation therein contained. A jury was demanded, and the cause proceeded to trial. After the introduction of testimony offered by both plaintiff and defendant below was completed, the court instructed the jury to return a verdict for the plaintiff, which was accordingly done, from the box; the jury returning the following verdict: "We, the jury duly impaneled and sworn, find the issues in favor of the plaintiff, and assess the amount at $347.57, and further find that the plaintiff is entitled to a material man's lien on the premises described in the complaint. S. H. Edon." On this verdict the following judgment was entered: "It is therefore ordered and adjudged by the court that the plaintiff have and recover of and from the defendant the sum of three hundred and forty-seven dollars and fifty-seven cents (347.57) for the debt, and that the plaintiff have a material man's lien upon the following described property: One five-room house, with hall, one story high, and all of defendant's right, title and interest in and to one lot situated on the west side of the Missouri, Kansas & Texas Railway track, in the town of South McAlester, Indian Territory, said lot being three hundred feet square; said house situated on the southeast corner of said lot, and fronting south and east. Said lot is bounded on the east by a lot owned by Yancey Lewis, on the south and across the street by a lot owned by Bill Phelps, on the west and north by vacant lots. It is further ordered and adjudged by the court that the clerk of this court be ordered to issue an execution, directed to the United States marshal for the Central district of the Indian Territory, commanding him to sell the above-described house and lot to satisfy said judgment and lien." Appellant filed motion for a new trial, which was overruled

by the court. The appellant assigns four specifications of error; (1) That the court erred in instructing the jury to return a verdict for the plaintiff and against the defendant, under the pleadings; (2) that the court erred in rendering judgment on said verdict; (3) that the court erred in overruling defendant's motion to set aside judgment; (4) that the court had no jurisdiction to enforce a material man's lien on land in the Indian Territory.

*Harley & Lindly* and *T. N. Foster*, for appellant.

*J. A. Hale*, for appellee.

GILL J. The question involved in this case, on the bill of exceptions, as by appellant's brief, is on the fourth specification of error, namely, that the court had no jurisdiction to enforce a material man's lien on land in the Indian Territory. By the act of congress of May 2, 1890, congress put in force in the Indian Territory chapter 96 of Mansfield's Digest of the Laws of Arkansas (chapter 44, Ind. T. Ann. St. 1899), relating to liens. Said chapter, in section 4402 (section 2869), provides; ''Every mechanic, builder, artisan, workman, laborer, or other person who shall do or perform any work or labor or furnish any materials, machinery or fixtures for any building, erection or other improvement upon land, including contractors, subcontractors, material furnishers, mechanics and laborers, under or by virtue of any contract, express, or implied, with the owner or proprietor thereof, or his agent, trustee, contractor, or sub-contractor, upon complying with the provisions of this act, shall have for his work or labor done, or materials, machinery or fixtures furnished, a lien upon such building, erection or improvement and upon the land belonging to such owner or proprietor on which the same is situated, to secure the payment of such work or labor done, or materials, machinery or fixtures furnished.'' The contention of the appellant is that this section is locally inap-

plicable because it gives a lien upon the land belonging to the owner of the building or improvements for which the material or labor is furnished, and because this land is in the Choctaw Nation, and is held and owned by the Choctaw Indians as a tribe. The complaint in this case alleges that the materials were used by the defendant in the construction and erection of a certain residence erected and situated within the limits of the town of South McAlester, Ind. T., and describing the lot on which said residence was builded, so far as its metes and bounds would admit of a description, and alleging that it had never been platted. The complaint in this action states a cause of action against the defendant, and, although there are specific denials of all the allegations of the complaint by the answer of the defendant, when the case was submitted to the jury the plaintiff submitted his evidence, and the defendant submitted no evidence. The court found from the evidence that the plaintiff was entitled to a judgment, and directed the jury to return a verdict in behalf of the plaintiff, which the jury accordingly did. After hearing and overruling a motion for a new trial on the part of the defendant, the court entered up the judgment heretofore specifically set forth in the statement, and directed a sale of the improvements, and of the interest of the defendant in the ground upon which the improvements were builded, and it is upon this latter ground that the appellant stands for a reversal of the court's judgment. We are of the opinion that section 4402, Mansf. Dig. (section 2869, Ind. T. Ann. St. 1899), is in full force and effect in all parts of the Indian Territory, and is not locally inapplicable so far as the enforcement of a mechanic's lien is concerned. And, while it is certainly true that the lien cannot attach to real estate, it may attach to the interest of the individual in the real estate on which the improvements may be situated. In this case the lot and parcel of ground in controversy is situated within the town of South McAlester, Ind. T., according to the pleadings. The

court found that the plaintiff had a material man's lien upon the following described property: "One five-room house, with hall, one story high, and all defendant's right, title, and interest in and to one lot situated on the west side of the Missouri, Kansas & Texas Railway Company's track, in the town of South McAlester, Indian Territory; said lot being three hundred feet square. Said house is situated on the southeast corner of said lot, and fronting south and east. Said lot is bounded on the east by a lot owned by Yancey Lewis, on the south and across the street by a lot owned by Bill Phelps, and on the north and west by vacant lots,"—and further ordered and adjudged that the clerk of court should issue an execution, directed to the United States marshal commanding him to sell the above-described house to satisfy said judgment and lien. If it was not shown in the evidence that South McAlester was an incorporated town, the court was bound to take judicial notice of its incorporation, it being within the Central district, and the court had power and jurisdiction to enter up the judgment as given. We find no error in the record, and therefore the judgment of the court below is affirmed.

TOWNSEND, C. J., and RAYMOND, J., concur.