## KEEL v. INGERSOLL.

### No. 315.   Opinion Filed September 13, 1910.

#### (111 Pac. 214.)

1. **MECHANICS' LIENS—Property Subject—Improvements.** The lien upon buildings or other improvements and upon the land upon which they are situated, created by section 2869, Ind. T. Ann. St. 1899. (section 4402, Mansf. Dig. St. Ark.), in favor of any person who performs any work or furnishes any material for the erection of such buildings or improvements, does not attach to the buildings or improvements separate and apart from any interest of the owner of the improvements in the land on which the same are located.

2. **INDIANS — Improvements on Allotment — Mechanics' Liens.** Where the building is situated in the Indian Territory upon the homestead allotment of a Chickasaw Indian, whose restrictions upon her power to alienate said allotment have not been removed, and said building was erected before the admission of the state, in the absence of an agreement between the parties to· the contrary, the building attaches to the estate of the allottee in the land, and becomes part of the realty, and by reason of section 15 of act of Congress approved July 1, 1902 (Act July 1, 1902, c. 1362, 32 Stat. 642), no materialman's lien can attach to it, since the only estate of the allottee in the land to which

the building can and does attach is one that can neither be alienated by her nor subjected to any lien.

(Syllabus by the Court.)

*Error from District Court, Marshall County; D. A. Richardson, Judge.*

Action by D. W. Ingersoll against Lula Keel. Judgment for plaintiff. Defendant brings error. Reversed.

This action was originally brought in the district court of Marshall County by defendant in error against plaintiff in error to recover on account for material furnished by him to build on the homestead allotment of plaintiff in error a house and barn, and for a decree foreclosing a lien on said house and barn, and on the land on which the same are situated. The material was furnished and the house and barn were built before the admission of the state, and in what was then a part of the Indian Territory. Plaintiff in error, Lula Keel, is a member of the Chickasaw Tribe of Indians, whose restrictions on her power to alienate her homestead allotment had not been removed at the time the material was furnished and the building constructed, or at the time judgment was rendered in the court below. The buildings against which it is attempted to enforce the mechanic's lien are located upon her homestead allotment. The trial court rendered personal judgment against plaintiff in error for the amount of the account, and adjudged that defendant in error is the holder of a lien upon the buildings separate and apart from the land on which the same was situated to secure the payment of said account, and decreed that the same be foreclosed. From that portion of the judgment decreeing a foreclosure of the lien on the buildings separate and apart from the land, plaintiff in error prosecutes this proceeding in error.

*Kennamer & Coakley,* for plaintiff in error.

*Summers Hardy* and *William M. Franklin,* for defendant in error.

Copies of all briefs did not reach the reporter.

HAYES, J. (after stating the facts as above). Section 12 of the act of Congress, entitled "An act to ratify and confirm an agreement with the Choctaw and Chickasaw Tribes of Indians and for other purposes," approved July 1, 1902 (Act July 1, 1902, c. 1362, 32 Stat. 642), makes inalienable, during the lifetime of the allottee not exceeding twenty-one years from the date of the certificate of allotment, the homestead allotment of any member of the Choctaw or Chickasaw Tribes of Indians. Section 15 of the same act provides that:

"Lands allotted to members and freedmen shall not be affected or incumbered by any deed, debt or obligation of any character contracted prior to the time at which said land may be alienated under this act, nor shall said land be sold, except as herein provided."

Able counsel for defendant in error concede that, by reason of the foregoing statute, the land upon which the buildings are situated cannot be affected or incumbered by any mechanic's lien. The sole question presented by the proceeding is: Did the statute in force in the Indian Territory, creating a lien for material furnished or labor performed in the erection of improvements on real estate, authorize a lien upon such improvements separate and apart from the real estate upon which they are situated, when the owner of such improvements has no title in the real estate, or has a title or interest therein that cannot be incumbered with such lien? Section 2869, Ind. T. Ann. St. (section 4402, Mansf. Dig. St. Ark.), is the controlling statute in this case, and reads as follows:

"Every mechanic, builder, artisan, workman, laborer or other person who shall do or perform any work or labor upon or furnish any materials, machinery or fixtures for any building, erection or other improvement upon land, including contractors, subcontractors, material furnishers, mechanics, and laborers, under or by virtue of any contracts, express or implied, with the owner or proprietor thereof, or his agent, trustee, contractor or subcontractor, upon complying with the provisions of this act, shall have for his work or labor done, or materials, machinery or fixtures furnished, a lien upon such building, erection or improvement and upon the

land belonging to such owner or proprietor on which the same is situated, to secure the payment of such work or labor done, or materials, machinery or fixtures furnished."

The right in favor of persons who have performed work in the erection of buildings on land to a lien upon such buildings and land on which the improvements are located to secure payment for the services performed or material furnished was not recognized at common law, and exists only by reason of statutory provisions. Whether such lien may attach to the building separate and apart from the land upon which it is located the rule is not uniform in all the states. In some states the rule prevails that, where for any reason the lien cannot attach to the land, it may attach to the building separate and apart therefrom. In other states the lien attaches only to the building, but it appears that in a majority of the states a lien upon the building separate and apart from the land is not recognized. The rule in each state is determined by specific provisions of its statute, or the construction of such statute by the courts of that state. In those states where it is held that the lien may attach to the building separate from the land, although the statute does not specifically so direct, the rule has resulted from construction of provisions in statutes of such states authorizing a sale of the building or improvements separate and apart from the land and a removal of the same from the land by the vendee. The decisions in the following cases are based upon such statutory provisions: *Mahon v. Surerus*, 9 N. D. 57, 81 N. W. 64; *Grand Opera House Co. v. Maguire*, 14 Mont. 558, 37 Pac. 607; *Jossman v. Rice*, 121 Mich. 270, 80 N. W. 25, 80 Am. St. Rep. 493. But the statute controlling in this case contains no provision creating in specific terms a lien upon the improvements separate and apart from the realty, nor does it contain any provision authorizing a foreclosure of the lien upon such improvements separate and apart from the land when for any reason the lien cannot attach to the land, or that authorizes the vendee to remove such improvements after purchase. This statute, put in force in the Indian Territory by an act of Congress (Act May 2, 1890, c. 182, § 31, 26 Stat. 81), was adopted from the state of Arkansas, where it

had received construction by the highest appellate court of that state before its adoption. *Cotton v. Penzel & Co.,* 44 Ark. 484; *Galbreath, Stewart & Co. v. Davidson,* 25 Ark. 490, 99 Am. Dec. 233; *McCullough v. Caldwell,* 5 Ark. 237.

In *Cotton v. Penzel & Co., supra,* the court said:

"It is the obvious design of this statute that the lien shall attach in every instance to real estate. The object of the act is to prevent the owner, or those having an interest in land, whatever the estate or right may be, from getting the labor and capital of others without compensation. It was not the intention to attach the lien to mere personal property. The materials must become in some measure a part of the land in the form of a. building or other erection before a lien can be asserted under the statute, and it is necessary that the person who builds should have some estate in the land [citing authorities]. It follows that, whenever a mechanic's or materialman's lien exists, a lien upon real estate is involved, and a justice of the peace has no jurisdiction."

It is insisted by defendant in error that Congress intended by extending the mechanic's lien law of Arkansas in force in the Indian Territory to make it applicable to the conditions there existing, and that since at the time of the adoption of this law by Congress there was but little, if any, real estate in the Indian Territory, the title to which was held by individuals and subject to any kind of a lien, it was intended by section 2869, *supra,* to give a lien upon the building or improvements separate and apart from the real estate on which they are located, and that that portion of the statute which reads: "A lien upon such building * * * and upon the land belonging to such owner or proprietor upon which the same is situated" should be so construed. But, since this section had been construed by the highest appellate court of the state from which it was taken before its adoption in the Indian Territory, the legislative intent of such section must be held to be that declared by the court of that state. We are not at liberty to construe the statute relative to its purpose in this respect, for the construction placed upon it by that court is as binding upon us as if that construction had been written into the statute at the time of its adoption by Congress. *National. Live*

*Stock Commission Co. et al. v. Taliaferro et al.,* 20 Okla. 177, 93 Pac. 983; *Robinson & Co. v. Bell,* 187 U. S. 41, 23 Sup. Ct. 16, 47, L. Ed. 65. Aside from the binding force upon us of the construction of the Arkansas court of this statute, that construction seems to be in harmony with the decisions of other courts construing the same or a similar statute. *Coddington et al. v. Dry Dock Co.,* 31 N. J. Law, 477; *Stevens et al. v. Inhabitants of Lincoln,* 114 Mass. 476; *Kellogg et al. v. Littell et al.,* 1 Wash. St. 407, 25 Pac. 461.

When the buildings were erected upon plaintiff in error's land, in the absence of a contract between the parties to the contrary, they became part of the realty upon which they stand and attach to the estate of plaintiff in error in that realty. Her interest therein is that she is the owner of the fee-simple title subject to certain limitations upon her power to alienate same and the prohibition against incumbering it with any lien whatever. A lien upon that portion of the real estate upon which the buildings stand would be a lien upon the buildings and a lien upon the buildings would be a lien upon the real estate, for the buildings are a part of the realty; but such lien is clearly prohibited by section 15 of the treaty with the Choctaw and Chickasaw Tribes of Indians, *supra.* This conclusion is not in conflict with the decisions of the court in *Springton v. Wheeler,* 3 Ind. T. 388, 58 S. W. 658, and *Arnold v. Campbell,* 3 Ind. T. 550, 64 S. W. 532. Those cases were proceedings to enforce a mechanic's or materialman's lien against buildings located on town lots in the Indian Territory, the title to which was still in the Indian tribes; but in each of those cases the owner of the building against which it was attempted to enforce the lien owned a possessory interest in the lots upon which they stood which the owner could convey or incumber. The exact question decided in each of those cases is well expressed in the first paragraph of the syllabus to *Arnold v. Campbell* in the following language:

"Chapter 96 of Mansfield's Digest of Laws of Arkansas was adopted and put in force in the Indian Territory by act of Congress of May 2, 1890, and its provisions for the creation and enforcement of mechanics' and materialmen's liens are not locally

inapplicable because of the fact that the title to the land is still in the Indian Nation; for the lien can attach to the interest of the individual in the real estate on which the improvements are situated."

In neither of said cases was there a judgment foreclosing the lien separate and apart from any interest of the owner in the real estate, but the court decreed the foreclosure upon both the buildings and the interest of the owner in the real estate to which the buildings attached. The effect of these decisions is not to hold that the statute may create a lien upon personal property, but that the lien may exist when the owner of the building has an interest in the land less than the ownership of the fee-simple title. In so holding the court is in harmony with the decision in *White v. Chaffin,* 32 Ark. 59, wherein it was held that the lien may attach to an interest in the land less than the fee. In the case at bar the interest in the land of the owner of the improvements is one that can neither be sold nor incumbered. To that interest the improvements became attached and are a part of it. If plaintiff in error's interest in the real estate was one that could be conveyed or could become subject to a lien, a different conclusion would follow, although such interest was only a possessory or equitable interest as in the cases of *Springston v. Wheeler* and *Arnold v. Campbell, supra,* but, under the existing facts, we think the judgment of the trial court was error, and it is therefore reversed.

All the Justices concur.