**ROBINSON v. BEATY.**

No. 7222—Opinion Filed June 10, 1919.

(Syllabus by the Court.)

**1. Contracts—Building Contract — Substantial Performance.**

Since the rule of exact or literal performance has been relaxed, literal compliance with a building contract is not essential to a recovery thereon, but a performance thereof in all its material and substantial particulars is sufficient.

**2. Same—Sufficiency of Evidence.**

Record examined, and held, that the evidence reasonably tends to show a substantial performance of the building contract involved herein, in all its material and substantial particulars.

**3. Indians — Lands — Lien for Material — Homestead Allotment—Exemption.**

Where building material is used for the erection of a dwelling house upon the homestead allotment of a restricted Indian, which allotment, together with the surplus allotment, comprises a quarter section of land which is used by the owner as one farm, the materialman is not entitled to a lien upon the surplus allotment; the homestead allotment being exempt from such lien.

Rainey, J., dissenting.

Error from District Court, Bryan County; Jesse M. Hatchett, Judge.

Action by R. A. Beaty against Colman Robinson, Judgment for plaintiff for part of the amount sought to be recovered, denying his claim to a lien, motions for new trial filed by each party overruled, and defendant brings error, and plaintiff files a cross-petition in error. Affirmed.

McPherren & Cochran, for plaintiff in error.

Hays & McIntosh, for defendant in error.

KANE, J. This was an action on account to recover the purchase price of certain building material, and to foreclose a materialman's lien upon certain lands, commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below. Hereafter, for convenience, the parties will be called "plaintiff" and "defendant" respectively, as they appeared in the trial court.

The petition of the plaintiff was in the usual form and stated facts sufficient to constitute a cause of action. The answer of the defendant consisted of:

(1) A general denial.

(2) Allegations, in effect, that the defendant was a restricted member of the Choctaw Tribe of Indians, and the land upon which it was sought to fasten a lien, being his homestead allotment, was restricted land, and not subject to the lien of the materialman.

(3) An allegation charging failure of the plaintiff, who was a contractor and builder, to substantially comply with the building contract sued upon.

The amount alleged to be due under the contract was $1,500. Upon trial to a jury there was a verdict for the plaintiff in the sum of $1,200, for which sum judgment was rendered in favor of the plaintiff, the court also holding that the plaintiff was not entitled to a lien for the reason that it appeared that the building was erected upon restricted land; the same being the homestead allotment of the plaintiff. Thereafter plaintiff and defendant each filed motions for a new trial, which were overruled, whereupon the defendant commenced this proceeding in error, the plaintiff filing his cross-petition in error.

The only ground for reversal assigned by counsel for the defendant is "that the verdict and judgment is not supported by the evidence." On the other hand, counsel for the plaintiff contends that, inasmuch as the material was furnished for the purpose of erecting a dwelling house upon a quarter section of land, which was used by the defendant as a single farm, the fact that the house was erected upon the portion of this entire tract constituting the homestead allotment of the defendant, which admittedly was not subject to the lien, did not prevent the lien from attaching to the remaining portion of the farm constituting the surplus allotment of the defendant, which admittedly was unrestricted land.

On the first proposition it is sufficient to say that we have examined the record

carefully, and are satisfied that the evidence reasonably tends to show a substantial compliance with the contract on the part of the builder. Since the rule of exact or literal performance has been relaxed, literal compliance with a building contract is not essential to a recovery thereon, but a performance thereof in all its material and substantial particulars is sufficient. Keller v. Herr, 157 Ill. 57, 41 N. E. 750; Evans v. Howell, 211 Ill. 85, 71 N. E. 854; Crouch v. Gutmann, 134 N. Y. 45, 31 N. E. 271, 30 Am. St. Rep. 608.

Being satisfied that the evidence shows a substantial compliance with the contract, the contentions of counsel for the defendant must be denied.

Section 3862, Rev. Laws 1910, by virtue of which the plaintiff claims he is entitled to a lien on the unrestricted portion of the defendant's land, reads as follows:

"Any person who shall, under oral or written contract with the owner of any tract or piece of land, perform labor, or furnish material for the erection, alteration or repair of any building, improvement or structure thereon, * * * shall have a lien upon the whole of said tract, or piece of land, the buildings and appurtenances."

After citing this statute counsel for plaintiff say:

"It seems almost unnecessary in the face of this statute to argue that the lien in this case, in the absence of any restriction, would give a lien upon the entire 160 acres, but we contend that that is the case and will submit some authorities to that effect."

One of the cases cited, Montadon v. Deas, 14 Ala. 33, 48 Am. Dec. 84, is typical of the rest. In that case it was held that, if a party owns a section of land and contracts for a building on one corner of it, or fails to specify where the building should be placed, and it is erected on one corner of the section, the lien covers the whole tract if necessary to pay the debt. We do not deem these decisions to be in point. In the case at bar, while the defendant used the entire 160 acres as one farm, still it was divided by the laws of the United States into two well-known legal subdivisions familiarly designated as homestead and surplus allotments, and this division was further emphasized by the circumstance that under the law the homestead was restricted, while the surplus allotment was unrestricted land. Moreover, it will be observed that the statute provides that the materialman "shall have a lien upon the whole of said tract or piece of land, the buildings and appurtenances." This, it seems to us, means that the buildings for which the material was furnished must be so situated that the lien will attach, not only to the tract or piece of land, but to the buildings and appurtenances erected thereon for which the material was furnished.

We find no authorities holding, under similar statutes, that a lien may be created on any other land than the piece or parcel of land upon which the buildings themselves are erected, and we see no reason for making a novel exception to the general rule. The surplus and homestead allotments of restricted Indians are well-known subdivisions of the lands in the Indian Territory part of this state, and it is also well known that the homestead allotment is restricted land, and not subject to mechanics' or materialmen's liens. Keel v. Ingersoll, 27 Okla. 117, 111 Pac. 214. Persons dealing with restricted Indians must take notice of these subdivisions.

For the reasons stated, the judgment of the court below is affirmed.

All the Justices concur, except RAINEY, J., who dissents.

RAINEY, J., (dissenting). I dissent. I agree that the lien did not attach to the restricted homestead, but I think it did attach to the unrestricted surplus; it being a part of the whole tract, which constituted a single farm.