**BRENNER OIL CO. et al. v. DICKASON-GOODMAN LBR. CO. et al.**

No. 14716—Opinion Filed May 5, 1925.

(Syllabus.)

**Oil and Gas—Lien on Leasehold—Rights of Materialman Under Subcontractor.**

By reason of sections 7464 and 7466, Comp. St. 1921, a lien is given in favor of a materialman, under a subcontractor, from the same time and in the same manner and to the same extent, as if the materialman had furnished the material at the instance of the original contractor. But where there is no primary liability existing from the leaseholder to the original contractor, there cannot, under said sections, be a lien in favor of a materialman under a subcontractor.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by the Dickason-Goodman Lumber Company against the Brenner Oil Company and others. Judgment for plaintiff, and the Lumber Company and another bring error. Reversed.

Burford, Miley, Hoffman & Burford and Leahy, Macdonald, Holcombe & Files, for plaintiffs in error.

A. S. Sands and A. B. Campbell, for defendants in error.

BRANSON, V. C. J. The Dickason-Goodman Lumber Company sued A. W. Ferguson, A. R. Simons, and the Brenner Oil Company. It sought a personal judgment against A. W. Ferguson for lumber sold, and a personal judgment against the Brenner Oil Company for alleged conversion of a leasehold estate. The judgment as sought was obtained. From it the Brenner Oil Company and A. B. Simons appeals.

The vital facts of this case are few, and we think clear. The Brenner Oil Company, a corporation, owned an oil and gas leasehold in Osage county. Being upon restricted Indian land, it was not subject to assignment or sale, save and except with the approval of the Secretary of the Interior. Said Brenner Oil Company, evidently desiring that a well for oil and gas purposes be drilled upon said leasehold, entered into a contract with the said A. R. Simons, under which the said Simons agreed to drill a well upon the said leasehold to a certain depth for an undivided half interest in the said leasehold, which contract was placed in escrow in a bank, the said Simons under said contract to receive nothing except upon full and complete compliance with his said agreement. Among the other provisions of the said contract was one to the effect that all the expenses of drilling the well and equipping the same should be borne by the party of the second part (Simons). In turn, the said Simons entered into a contract with the defendant A. W. Ferguson, under which Ferguson was to furnish the equipment and drill the well for a money consideration. Ferguson did so to this extent, to wit: He purchased certain lumber, and perhaps other material and equipment, from the plaintiff and erect-

ed a derrick upon the leasehold, antecedent to actually drilling the well. Thereupon Simons decided to abandon his contract, and in this suit asserts that he paid Ferguson for all work done by him (Ferguson) upon the premises, including the material; but that plaintiff says that Ferguson failed to pay the plaintiff the lumber bill.

Seeking to protect itself, the plaintiff filed a lien upon the leasehold, and thereafter the defendant Brenner Oil Company sold, transferred, and assigned for a valuable consideration the said leasehold to one L. C. Hivick, and it is upon and by reason of this sale and assignment that the plaintiff, by way of supplement to its original petition, sought and obtained personal judgment against the Brenner Oil Company as for conversion, and by prayer in the alternative, the oil company against Simons.

It is not amiss to state in passing that the record discloses that in assigning the leasehold, the equipment, the derrick, etc., for which plaintiff furnished material, was expressly excepted, and that no title thereto passed to the said Hivick by reason of his assignment from the defendant the Brenner Oil Company. It is not concealed that the contract assignment of the said Simons could only be made valid by the approval of the Secretary of the Interior, and that until so approved his contract was not an enforceable one. No point, however, is raised by the parties in the briefs on this question, and we shall not take this situation into consideration in announcing what we consider the controlling law involved.

We take it, it is unnecessary to cite authorities to sustain the proposition that the judgment of the trial court in favor of plaintiff against the Brenner Oil Company for conversion is erroneous, unless the plaintiff was entitled to a lien upon the said leasehold, even if such a leasehold be subject to conversion. Neither of the last would need discussion if there was no lien.

The question there is, whether or not, under the said state of facts, there existed a lien in favor of the plaintiff. If under said facts such lien arose by law, it was by reason of sections 7464 and 7466, Comp. St. 1921:

Section 7464:

" * * * Any person * * * who shall, under contract, express or implied, with the owner of any leasehold for oil and gas purposes * * * perform labor * * * used in the digging, drilling, torpedoing, completing, operating or repairing of any oil or gas well, or who shall * * * perform any labor in constructing or putting together any of the machinery used in drilling, torpedoing, * * * any gas well, shall have a lien," etc.,

Section 7466:

"Any person * * * who shall perform such labor under a subcontract with a contractor * * * may obtain a lien upon said leasehold for oil and gas purposes * * * in the same manner and to the same extent as the original contractor, for the amount due him for such labor, as provided in the preceding section."

These are special lien statutes, applicable to oil and gas leasehold estates only under such a given state of facts. While these sections of the statute as now found have been modified, they were originally enacted by the Oklahoma Territorial Legislature, in 1905. The amendments subsequently made do not affect in a material way the situation and rights of the parties here. The plaintiff must rely for its lien solely upon the provisions of section 7466 and that part of section 7464, Comp. St. 1921, incorporated therein by reference. The said section gives the plaintiff only such rights as to the matter pleaded in the instant suit as if the material had been furnished by direction or under contract with the original contractor himself (Simons). But had this been the fact, the question would then present itself, How could plaintiff obtain the lien sought in this action? The lien is dependent on the statute. Basham v. Goodholm Investment Co., 52 Okla. 536, 152 Pac. 416: Kell v. Ingersoll, 27 Okla. 117, 111 Pac. 214. And in turn, the statute makes the lien dependent upon a contract, either express or implied, by the leaseholder. Lee v. Tonsor, 62 Okla. 14, 161 Pac. 804; Mobley v. Leeper Bros. Lumber Co., 89 Okla. 95, 214 Pac. 174.

In the case of Christy v. Union Oil & Gas Co., 28 Okla. 324, 114 Pac. 740, this court denied a lien under a state of facts all but identical with those here presented. In doing so, the court in part said:

"* * * It is to be observed that the section allows the party to obtain a lien from the same time and in the same manner and to the same extent as the original contractor. This, it appears to us manifested a clear intention on the part of the Legislature to relieve the leaseholder from any liability, in addition to that which he had voluntarily assumed in his contract, and for which he was otherwise legally liable, and left a subcontractor to his remedy against his employer for all services rendered or material furnished in excess thereof."

Since the right of plaintiff to sustain its judgment for conversion against the Brenner Oil Company would depend entirely upon his right to the lien—if there could be any such thing as conversion of an oil and gas lease—it is unnecessary to discuss the judgment of the trial court on this question.

The judgment of the trial court is reversed, with directions to vacate and set aside the judgment decreeing a lien and to vacate and set aside the judgment against the Brenner Oil Company, and the judgment rendered against the defendant Simons, leaving in full force and effect the judgment rendered against the defendant Ferguson.

HARRISON, MASON, LESTER, PHELPS, HUNT, and CLARK, JJ., concur. NICHOLSON, C. J., and RILEY, J., absent and not participating.