CRANE CO. v. WISE et al.

No. 29750. April 14, 1942.

*124 P. 2d 724.*

Frank T. McCoy, John R. Pearson, and John T. Craig, all of Pawhuska, for plaintiff in error.

Ralph A. Barney, of Pawhuska, and Ames, Cochran, Monnett, Hayes & Ames, of Oklahoma City, for defendants in error.

ARNOLD, J. The Superintendent of the Osage Indian Agency, on behalf of

Otis Russell, a restricted Osage Indian, on December 8, 1936, entered into a written contract with D. Q. Wise & Company whereunder said company obligated itself to make certain repairs on and improvements to the home of the said Otis Russell located upon the restricted land and to furnish a bond which would guarantee the performance of the work and would also protect all dealers and workmen who should furnish any material and service in the completion of said contract. On the same day D. Q. Wise & Company, with Central Surety & Insurance Company as surety, executed a bond for the purpose of complying with the above-cited contract. This bond is not a statutory bond; it contained the following provisions:

"Whereas, the Principal has entered into a written contract dated the 7th day of December, 1936, with the obligee for repairs to home of Otis Russell, located approximately 9 miles West of Hominy, Oklahoma, according to the plans and specifications which are made a part hereof as fully as though recited at full length herein; which contract, subject to the conditions and provisions herein set forth, is made a part hereof for the purpose of explaining, but not of varying or enlarging the obligation:

"Now, Therefore, if the Principal shall indemnify the Obligee against loss or damage directly caused by the failure of the Principal to faithfully perform said contract, then this obligation shall be void; otherwise to remain in full force and effect.

"Provided, however, and upon the Express Conditions, the performance or existence of each of which shall be a condition precedent to any right of recovery hereon; anything in the contract to the contrary notwithstanding. . . .

"Fifth, That no right of action shall accrue upon or by reason hereof to or for the use of anyone other than the Obligee herein named; that the obligation of the surety is, and shall be construed strictly as one of suretyship only; that this bond shall be executed by the Principal before delivery, and shall not, nor shall any interest therein, or right of action thereon, be assigned without the prior consent in writing of the Surety, over the signature of its President or Vice-President, attested by its Secretary or Assistant Secretary; nor shall any of the conditions or provisions contained herein be deemed waived or altered by the Surety unless the written consent to such waivers or alterations be duly executed by its President or Vice-President and attested as aforesaid."

D. Q. Wise & Company sublet a portion of the work to be performed under said contract to D. C. Walker. Repairs and improvements contracted to be made were completed and payment therefor was made to D. Q. Wise & Company, and it in turn paid the subcontractor, D. C. Walker. Subsequently, it developed that D. C. Walker had not paid Crane Company for certain material which he had purchased from said company and used in the performance of his subcontract in making said repairs and improvements. This action was instituted to enforce payment for the material sold to the subcontractor and the said subcontractor, the contractor, and the surety on its bond were made parties defendant. The subcontractor permitted judgment to go against him by default. Trial of the issues of liability under the contract and the bond was had to the court and resulted in a judgment in favor of Crane Company. The court granted a new trial and then sustained separate demurrers of the contractor and the surety to the petition. This appeal is from the order which sustained said demurrers and dismissed the action.

The sufficiency of the petition to withstand a general demurrer is the sole issue here involved.

In this respect the only contention made by the plaintiff in error is that the contract entered into between the Osage Indian Agency and the general contractor became a part of the surety bond and the two construed together as constituting the bond fixed liability on both the contractor and surety to pay all material and labor bills.

It will be noted from the foregoing provision of the bond that the plans and specifications for the repairs in ques-

tion were made a part of the surety bond. But with reference to the contract between the Superintendent of the Osage Indian Agency and the contractor, D. Q. Wise & Company, the bond provided "which contract, subject to the conditions and provisions herein set forth, is made a part hereof for the purpose of explaining, but not of varying or enlarging this obligation."

Under the contract between the Superintendent of the Osage Indian Agency and the contractor, D. Q. Wise & Company, the Indian Agency and its restricted Osage Indian ward, Russell, could have required a bond which provided for the payment of all dealers and workmen. This was not required, however, and such a provision is not in the contract of suretyship. An inclusion of the contract in the bond, without restriction, by attachment or reference, as in the case of Aetna Casualty & Surety Co. v. Tucker, 174 Okla. 343, 50 P. 2d 339, would have had the effect of creating an obligation on the part of the surety company to pay dealers who furnished material or workmen who performed labor on the building under repair. However, the contract was made a part of the bond subject to the conditions and provisions of the bond for the sole purpose of explaining, but not varying or enlarging, the obligations thereof. If the provisions of the bond are ambiguous, the contract entered into preceding its execution may be referred to for such purpose. By specific agreement between the surety and its principal the provisions of the contract cannot be used for the purpose of enlarging the conditions of the bond. See Consolidated Cut Stone Co. v. Hartford Accident & Indemnity Co. (10th C. C.) 62 F. 2d 975. The bond as written was accepted by the obligee. The principal completed his contract in a faithful manner; his work was accepted by the obligee and he was paid the contract price therefor. He in turn paid the subcontractor, Walker. The obligee owes no one for labor performed or material furnished. The lien laws of this state do not extend to the property of a restricted Indian. See Robinson v. Beaty, 75 Okla. 69, 181 P. 941.

The Crane Company, plaintiff in error, had no lien for its claim against the subcontractor, Walker, for materials furnished by it in pursuance of its contract with Walker.

The owner of the property could suffer no damage by reason of the claim of the Crane Company. The bond being plain, explicit, and unambiguous in its terms, and there being no provision therein whereby the surety company became obligated to pay dealers and workmen, and the contract not being a part of the bond for any purpose other than to explain the terms of the bond, and the principal having faithfully performed its contract, the bond became void as therein provided.

Plaintiff in error relies on Aetna Casualty & Surety Company v. Tucker, supra. Therein we said:

"Therefore, as we view it, the contract and the bond must be considered together for the purpose of ascertaining the intention of the parties, and thus considered, we can reach no other conclusion than that the Indian Agency, when the contract was made, was taking proper precaution, not only to see that the buildings were erected by Moler according to the terms of the contract, but that 'all dealers and workmen who have furnished material or services' should be protected."

In that case, however, this very different provision was in the bond: "whereas the principal has entered into a written contract dated January 6, 1933, with the obligee . . . a copy of which is hereby referred to and made a part hereof."

The contract in that instance was made a part of the bond without restriction or reservation, and to determine the contract between the parties it would be necessary to construe the two together. But in the instant case the contract was made a part of the bond for the limited purpose of "explaining,

but not of varying or enlarging," the obligation. Though the Indian Agency, by reason of the contract, could have required an obligation on the part of the surety company to pay dealers and workmen, it did not make such requirement. The Indian Agency was not obliged to require such a provision and the Crane Company must stand on the bond contract as it existed between the surety company, its principal, and the obligee. The Indian Agency, on behalf of its ward, accepted a bond which has been fully and faithfully performed. There being no liability on the bond, the demurrers of the surety company and its principal should have been sustained.

The judgment of the trial court is, therefore, affirmed.

WELCH, C. J., and RILEY, OSBORN, BAYLESS, HURST, and DAVISON, JJ., concur. CORN, V. C. J., and GIBSON, J., dissent.