## KIDWELL v. NELSON.

No. 1316.   Opinion Filed January 9, 1912.

(120 Pac. 966.)

**APPEAL AND ERROR—Review—Conflicting Evidence.** Where there is a direct conflict in the evidence presented, and the trial court fairly submits the issues raised by the pleadings and the theories advanced by the parties in its instructions to the jury, and there is any competent evidence reasonably tending to sustain the verdict, appellate courts will not weigh the same and reverse the judgment, as the jury is the proper party to determine such disputed facts.

(Syllabus by the Court.)

*Error from District Court, Pawnee County;*
*John Caruthers, Judge.*

Action of Swan C. Nelson against W. D. Kidwell, Judgment for defendant, and defendant brings error. Affirmed.

*Eagleton & Biddison,* for plaintiff in error.

*Victor O. Johnson, Louis S. Wilson, George E. Merritt,* and *Redmond S. Cole,* for defendant in error.

DUNN, J.   This case presents error from the district court of Pawnee county, and was an action brought by defendant in error, Swan C. Nelson, against plaintiff in error. The facts out of which the action grew appear to be substantially as follows:

Nelson, the plaintiff, was a farmer and horse raiser; the defendant, Kidwell, was a merchant residing in Pawnee. February 10, 1906, Nelson gave Kidwell a note for $113.60. He thereafter made two notes to one Emerson, aggregating $1,175, and, in the same year, notes to the Pawnee National Bank aggregating $1,561.10. The notes to Emerson and the bank were secured by

chattel mortgages on a number of breeding horses and other property. In April, 1907, Kidwell purchased these notes, and thereafter secured from Nelson a bill of sale of the live stock mentioned in the mortgages, and took charge of the same. Subsequently Kidwell being about to sell or remove the property from the state of Oklahoma, Nelson brought an action restraining him from so doing, and alleged in his petition that the defendant had received certain service notes aggregating the sum of $2,405 and that he had refused and failed to account to Nelson who claimed property therein, and also that he had paid on the notes held by Kidwell since giving the bill of sale, the sum of $300. In addition thereto he pleaded that defendant had castrated a valuable stallion, to plaintiff's damage in the sum of $1,000, and had negligently permitted another animal to become injured in a barbed wire fence and in other ways misused it, to his damage in the sum of $300, and that he had abused another stallion, to his damage in the sum of $800, and that through negligence and lack of attention another horse had died, of the value of $150, and that Kidwell had appropriated to his own use various items of personal property belonging to Nelson of the value of $150. The prayer of the petition was that Kidwell be required to come into court, set up his notes and mortgages, and to have the rights of the parties in the controversy determined. To this petition Kidwell answered by denying all responsibility for the torts complained of and for the service notes, and claimed due upon his notes, principal, interest, and attorney's fees, $2,996.12, and filed a cross-petition in which he claimed a balance of $182.25 for feeding, grazing, and taking care of certain stock, which, with the principal, interest, and attorney's fees sued for, brought the total of Kidwell's claim to $3,178.37. In reply Nelson denied all of the allegations of the answer, not putting in issue the execution of the notes sued on, and again averred payment of money to the defendant and an appropriation of plaintiff's property for which credit had not been given. About thirty witnesses were called on behalf of the parties on the trial, and a record is before us of some 450 pages. A verdict was returned in favor of Kidwell for $1,472.55, which, under a stipulation, was reduced to

$1,092.96, from which judgment in his favor, Kidwell has duly lodged the action in this court for review.

Counsel for plaintiff in error have filed an elaborate brief in which he has with commendable care and detail set forth the various contentions of his client. It is conceded that the case was submitted on proper instructions, as no assignments of error are predicated thereon. The sole claim made is that from the evidence, which was sharply controverted in many important particulars, the jury failed to allow a sufficient judgment. It is not claimed that there is no evidence upon which the jury could base its verdict, provided all the evidence supporting it was believed and that against it was eliminated, but it is contended that the preponderance of the evidence is against the verdict returned and justified a larger judgment, and we are asked to weigh the evidence offered pro and con, determine the credibility of the different witnesses, and from the record before us say that the jury's conclusion on these matters was erroneous. That we cannot do this has been decided by this court and our predecessor in so many cases that it would be of no avail to attempt to cite them all. The rule was announced in the case of *Grant et al. v. Milam*, 20 Okla. 672, 95 Pac. 424:

"Where there is a direct conflict in the evidence presented, and the trial court fairly submits the issues raised by the pleadings and the theories advanced by the parties in its instructions to the jury, and there is any competent evidence to sustain the verdict, appellate courts will not weigh the same and reverse the judgment, as the jury is the proper party to determine such disputed facts."

The statement of the issues presented by the pleadings upon which evidence was offered by both parties is a fair indication of the task presented to the trial court. The plaintiff supported his claim that he was entitled to credits on the notes held by the defendant by not only his own evidence, but by evidence of a number of other witnesses, in a measure sufficient, which, if the jury believed them, was sufficient to justify the verdict. These claims were resisted by the defendant by his own testimony and likewise by the evidence of other witnesses. In such cases as this, where the verdict of the jury under proper instructions is rea-

sonably supported by any competent evidence and the trial court denies a motion for a new trial, thereby approving the verdict and conclusion reached by the jury, it is useless formality to take a proceeding in error to an appellate court, for the reason that it lacks the power to grant the relief which appellant seeks. Under these circumstances, the judgment of the trial court is affirmed.

All the Justices concur.