## MITCHELL v. SPURRIER LUMBER CO.

No. 889.   Opinion Filed May 14, 1912.

(124 Pac. 10.)

1. CONTRACTS—Actions—Instructions. The court instructed the jury as follows: "You are further instructed that if you find from the evidence. that plans, specifications, and detail drawings were furnished by the defendant, according to which the house mentioned in evidence was to be constructed by the plaintiff, and that such plans, specifications, and detail drawings were faulty and inconsistent, and it was not possible to construct a part or parts of the house according to the same, then, where such plans, specifications, and detail drawings were inconsistent, it was the duty of the plaintiff to reconcile or harmonize such faults or inconsistencies in a practical, workmanlike manner, so as to arrive at the fair and reasonable intention of the same, and to construct such house accordingly." Held, error.

2. SAME—Performance—Modifications. If the defendant in error, through its agent, suggested certain changes as to the specifications and plans for the construction of a house, and the plaintiff in error consented to the same, and the same were accordingly made, he is bound thereby.

(a) If such change in the plans reasonably operated to decrease the cost to the defendant in error in building the structure, the plaintiff in error should have the advantage of the same.

3. WORK AND LABOR—Effect of Express Contract—Performance Not According to Contract. Although the plaintiff in error may not have consented to the change in the plans, yet, if, after the house was completed under the changed plans, the plaintiff in error took possession and accepted the same, the defendant in error would then be entitled to recover on a quantum meruit or quantum valebat basis.

4.    **CONTRACTS—Performance—Substantial Performance.** If the defendant in error endeavored, in good faith, to perform its contract according to the plans and specifications, and it substantially performed the same, there being some unimportant defects arising through accident, such defects not being such as to defeat or change the design embodied in the contract, then the contractor may recover, less the damage occasioned by the failure to comply with the terms of the contract.

(Syllabus by the Court.)

*Error from District Court, Osage County;*
*L. M. Poe, Judge.*

Action by the Spurrier Lumber Company against Joseph D. Mitchell. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with instructions.

*J. D. Mitchell (Mitchell & White,* on the brief), *pro se.*

*E. E. Grinstead (Grinstead, Mason & Scott,* on the brief), for defendant in error.

WILLIAMS, J. This proceeding in error is to review a judgment wherein the defendant in error, as plaintiff, sued the plaintiff in error, as defendant, for the construction and completion of a certain dwelling house in the city of Pawhuska, the plans and specifications mutually agreed upon by said plaintiff and defendant alleged to have been in part written and in part in parol. Plaintiff declared in two counts: (1) For a balance on contract in the sum of $612.85, with interest thereon from September 4, 1906, at the rate of 7 per centum per annum; and (2) for $387 damages on account of wrongful interference on the part of defendant. Defendant answered, admitting entering into a written contract with the plaintiff for the construction of said house, but denied that any of the plans and specifications rested in parol. He further pleaded a counterclaim in a sum equal to the amount claimed by plaintiff. Plaintiff replied, and on the issues joined the cause was submitted to a jury and a verdict returned in favor of the plaintiff in the sum of $612.85, with interest at the rate of 7 per centum per annum from September 24, 1906. In due time motion for a new trial was filed by the

defendant. It being overruled, the matter is now properly before this court for review.

Instruction No. 21, given by the court at the request of defendant in error, to which plaintiff in error excepted, is as follows:

"You are further instructed that if you find from the evidence that plans, specifications, and detail drawings were furnished by the defendant, according to which the house mentioned in evidence was to be constructed by the plaintiff, and that such plans, specifications, and detail drawings were faulty and inconsistent, and it was not possible to construct a part or parts of the house according to the same, then, where such plans, specifications, and detail drawings were inconsistent, it was the duty of the plaintiff to reconcile or harmonize such faults or inconsistencies in a practical, workmanlike manner, so as to arrive at the fair and reasonable intention of the same, and to construct such house accordingly."

In the original opinion in this case, we declined to review the action of the trial court in refusing this instruction, on account of rule 25 (20 Okla. xii, 95 Pac. viii) of this court, and stated in the opinion that, "where a party complains of instructions given or refused, he shall set out *in totidem verbis* in his brief separately the portion to which he objects or may save exceptions."

The assignment of error relative to said instruction is as follows:

"Said court erred in giving instruction No. 21 for the defendant in error and excepted to by the plaintiff in error (record, p. 266), in that it instructed the jury that, if such plans, specifications, and detail drawings were faulty and inconsistent, and it was not possible to construct a part or parts of the house according to the same, then, where such plans, specifications, and detail drawings were inconsistent, it was the duty of the plaintiff to reconcile or harmonize such faults or inconsistences in a practical, workmanlike manner, so as to arrive at the fair and reasonable intention of the same, and to construct such house accordingly."

In the petition for rehearing, the attention of the court is called to the fact that said instruction is set out *in totidem verbis* on page 108 of the abstract and brief. The plaintiff in error filed a voluminous abstract and brief in this case, containing 176

pages. Had he directed the attention of the court to the fact that said instruction was so set out in such abstract and brief, rather than the record, the same would have been considered on the former hearing.

Whilst the plaintiff in error has not complied with the rule to such an extent as to facilitate the work of the court, yet we are convinced that he has in good faith attempted to comply with this rule, and we have therefore decided to consider this assignment.

In *Perry v. Quackenbush*, 105 Cal. 299, 38 Pac. 740, it is said:

"Nor does the finding that the difference between the value of the house as actually constructed and as it should have been was only $350 tend to show that the contract had been substantially performed. That might have been true, though the structure were totally unlike the house contracted for. The owner has a right to have built the structure as he contracted for, and not another. Even his caprices, if expressed in the contract, must be complied with, even though they would not have added to the value of the structure, or may have lessened its value. It is only when this plan has been substantially embodied in the work that the court can have an occasion to estimate the deficiencies. The authorities are very clear upon this point. There are a variety of cases to which the so-called modern equitable rule has been applied. One is where the contractor fails to complete the structure. In such case it is said, if the contractor has done or furnished anything of which the owner avails himself, such owner may be made to pay the value of it, after deducting all damages resulting from the failure of the contractor. In such case it has been sometimes said that it does not matter why the contractor failed to perform. Another case is where there is a defect that can be remedied. Here the contractor may recover the contract price, less damages caused by the failure, including costs of supplying the deficiency. Another case is where the contractor has endeavored, in good faith, to perform his contract, and has substantially performed, but there are some unimportant defects arising through accident or inadvertence. Here, the defects not being such as defeat or materially change the design embodied in the contract, the contractor may recover, less damages occasioned by the failure. In such case there must be a substantial performance of every material covenant in the

contract, and the failure must not have resulted from design or bad faith; and whether these facts exist is a matter to be determined by the jury, or the court sitting as a jury. Substantial performance must be found. The rule is laid down in *Kelly v. Bradford*, 33 Vt. 35. The court says: 'The party must have intended, in good faith, to comply with the terms of the contract. The spirit of the contract must be faithfully observed, though the very letter of it fail. Hence a voluntary abandonment of the agreement, or a willful departure from its stipulations, are not allowed. Still, if the contract is substantially kept, a failure in minor particulars, though plainly ascertainable, and patent to observation, if consistent with good faith, if not wanton or willful, will not prevent a recovery upon the *quantum meruit.*' In *Hayward v. Leonard*, 7 Pick. [Mass.] 181 [19 Am. Dec. 268], it is said: 'When we speak of the law allowing the party to recover on a *quantum meruit* or *quantum valebat,* where there is a special contract, we mean to confine ourselves to cases in which there is an honest intention to go by the contract and a substantive execution of it.' In *Elliott v. Caldwell*, 43 Minn. 357, 45 N. W. 845 [9 L. R. A. 52], it is said: 'The omissions and deviations were not slight and easily remedied, but substantial and remediless, except by tearing down and rebuilding the structure. Neither were they the result of a mistake or oversight, but intentional, and even fraudulent. And we may remark here, in passing, that the very nature of the deviations, as in using inferior and defective material all through the building, is intrinsic evidence strongly supporting the finding that defendant acted fraudulently. No case, we think, can be found where the doctrine of substantial performance was applied to such a state of facts. To justify a recovery upon the contract, as substantially performed, the omissions or deviations must be the result of a mistake or inadvertence; and not intentional, much less, fraudulent; and they must be slight, or susceptible of remedy, so that an allowance out of the contract price will give the other party substantially what he contracted for. They must not be substantial, and running through the whole work, so as to be remediless, and defeat the object of having the work done in a particular manner. And these are questions of fact for the jury or trial court.' In *Crouch v. Guttmann*, 134 N. Y. 45, 31 N. E. 271 [30 Am. St. Rep. 608], the rule is stated in these words: 'Since the rule of exact or literal performance has been relaxed, and recovery may be founded upon "substantial performance," that term, in its practical application to building contracts, has,

perhaps necessarily, become somewhat indefinite, otherwise than that the builder must have in good faith intended to comply with the contract, and shall substantially have done so, in the sense that the defects are not pervasive, do not constitute a deviation from the general plan contemplated for the work, and are not so essential that the object of the parties in making the contract, and its purpose, cannot, without difficulty, be accomplished by remedying them.' There is no necessity for multiplying citations upon this point. So far as I have extended my investigations, there is no conflict in the cases. Since the rule as to what shall constitute performance has become so indefinite, it is an important consideration, in determining whether there has been a substantial performance, that the deviations are so slight that they might have been made by one who was honestly endeavoring to comply with his contract. Good faith, however, on the part of the contractor, is not enough. The owner has a right to a structure in all essential particulars such as he has contracted for; and, to authorize a court or jury to find that there has been a substantial performance, it must be found that he has such a structure. The court cannot say that anything is immaterial which the parties have made material by their contract. One has the right to determine for himself what he deems a good foundation, or what materials he desires to be used; and, if he contracts for them, neither the contractor nor the court has the right to compel him to accept something else, which may be shown by the witnesses to be just as good, or even better. No precise rule can or ought to be laid down upon this subject; but, whenever such a case arises, courts and juries should see to it that the design of the owner shall not be defeated in any important respect."

If the defendant in error, through its agent, called the defendant's attention to the inconsistency in the plans, and the plaintiff in error consented to the change, he is bound thereby. That was one of the issues submitted to the jury; but we are unable to tell whether the verdict was returned against the plaintiff in error on that issue, or on the issue presented in instruction No. 21. Though the plaintiff in error may have acquiesced in the change in the plans, it does not follow that such acquiescence would mean that the contract price for the structure should remain the same. If the change in the plans reasonably operated to decrease the cost to the defendant in error of building the

structure, the plaintiff in error should have the advantage of the same.

Again, though the plaintiff in error may not have consented or acquiesced in the change made in the plans, yet, if, after the house was completed under the changed plans, he took possession of the house and accepted it, the defendant in error would then be entitled to recover on a *quantum meruit* or *quantum valebat* basis.

Instruction No. 21 was erroneous. It was the duty of the defendant in error to substantially perform its contract with the plaintiff in error. If the contractor endeavored, in good faith, to perform its contract and has substantially performed it, but there are some important defects arising through accident, such defects not being such as to defeat or change the design embodied in the contract, then the contractor may recover, less the damages occasioned by such failure to comply with the terms of the contract. If the specifications were changed by the defendant in error without the consent of the plaintiff in error, and the house was constructed under the changed plans and specifications, and the plaintiff in error thereafter received the house without protest or objection, that might be a fact or circumstance tending to prove that he consented or acquiesced in the change of the plans; but it would not be conclusive, as a matter of law, that he consented to such change.

The other assignments may not arise on a second trial, and for that reason we do not pass upon the same.

The cause is reversed and remanded, with instructions to grant a new trial and proceed in accordance with this opinion.

TURNER, C. J., and HAYES and KANE, JJ., concur; DUNN, J., concurs in the conclusion.