KNIGHTS AND DAUGHTERS OF TABOR AND JURISDICTION v. CHESTNUT.

No. 10200—Opinion Filed June 28, 1921.

Rehearing Denied July 26, 1921.

(Syllabus.)

1. Appeal and Error — Review — Conflicting Evidence — Verdict.

Where the evidence is conflicting, this court will not review the evidence to ascertain where the weight of the evidence lies, and if there is evidence reasonably tending to support the verdict, it will not be set aside.

2. Insurance—Action on Fraternal Policy — Sufficiency of Evidence and Instructions.

Record examined and held: (1) That the evidence reasonably tends to support the verdict of the jury and the judgment entered thereon. (2) That the instructions given by the trial court fairly state the law applicable to the issues of fact joined by the pleadings.

Error from District Court, Logan County; John P. Hickam, Judge.

Action by Frances Chestnut against the Knights and Daughters of Tabor and Jurisdiction on fraternal insurance policy. Judgment for plaintiff, and defendant brings error. Affirmed.

S. T. Wiggins, for plaintiff in error.

John F. Anderson and Geo. W. Carry, for defendant in error.

KANE, J. This was an action on a fraternal insurance policy commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below. For convenience, the parties will be designated as "plaintiff" and "defendant," respectively, as they appeared in the trial court.

The petition of the plaintiff, after setting up the usual preliminary allegations in actions of this sort, further alleged that the defendant was indebted to the plaintiff on the policy in the sum of $200.

The answer set up two defenses: (1) That the policy was a graded policy, one of the conditions thereof providing that the beneficiary would be entitled to the whole sum of $200 in the event only that the insured continued to be a member of the order in good standing for 36 months consecutively prior to his death: that the insured in the case at bar did not comply with this condition, but failed to pay a premium falling due some two years prior to his death; that by reason of this default, the beneficiary was only entitled to the sum of $100, which was fully paid. (2) That the plaintiff and defendant had fully settled the matter in controversy between them, the former accepting and receiving the sum of $100 in full payment of the policy.

The cause was originally tried to a jury before a justice of the peace, resulting in a judgment for plaintiff in the sum of $200. On appeal the cause was again tried to a jury in the district court, with the same result. It is for the purpose of reversing this last judgment that this proceeding in error was commenced.

The only question presented for review is, Was the evidence adduced at the trial sufficient to support the verdict of the jury and the judgment of the trial court in favor of the plaintiff? On the first issue of fact joined by the pleadings it is sufficient to say that we find very little evidence in the record tending to show that the insured was suspended for nonpayment of dues at any time within 36 months immediately prior to his death. While there is more conflict in the evidence on the question of settlement, we think there was sufficient evidence to sustain the verdict of the jury and the judgment of the court on that question. The rule is that where the evidence is conflicting, this court will not review the evidence to ascertain where the weight of the evidence lies, and if there is evidence reasonably tending to support the verdict, it will not be set aside. Harrill v. Parkinson, 27 Okla. 528, 112 Pac. 970; Kidwell v. Nelson, 31 Okla. 228, 120 Pac. 966; Mitchell v. Spurrier Lumber Co., 31 Okla. 834, 124 Pac. 10.

There were some exceptions taken to the instructions given by the court, but we think they fairly state the law applicable to the issues joined by the pleadings and the evidence.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

HARRISON, C. J., and JOHNSON, MILLER, and KENNAMER, JJ., concur.