GRISSOM v. FRENSLEY BROS. LBR. CO. et al.

No. 30699. April 6, 1943.

Rehearing Denied May 11, 1943.

*136 P. 2d 887.*

Williams & Williams and McGill & Johnson, all of Ardmore, for plaintiff in error.

Stephen A. George, Woodrow George, and John C. Caldwell, all of Ardmore, for defendants in error.

CORN, C. J. This action was brought by Frensley Brothers Lumber Company against V. A. Grissom and other defendants to foreclose a materialman's lien.

Mr. Grissom was the owner of an apartment house which had been partially destroyed by fire, and he entered into a written contract with J. M. McCoy, a general contractor, to repair, remodel, and reconstruct the building, the contractor to furnish all the materials and perform all the labor required, according to plans and specifications, for a total contract price of $4,250. Before the work was completed McCoy abandoned the work and absconded, leaving the completion of the building to the owner, and leaving a number of unpaid claims, the largest of which was that of the plaintiff, Frensley Brothers Lumber Company, in the sum of $2,007.68.

Mr. Grissom answered, setting up his contract and denying liability beyond the contract price of $4,250, and tendering into the court for the benefit of the claimants the sum of $736.51, after having credited the contract price with $1,591.51, paid to or advanced on behalf of McCoy, the sum. of $1,407.02, expended by the owner to complete the building, and the further sum of $450 claimed as damages for delay in completion of the building. The various other defendants were also lien claimants, and each of them filed answers and cross-petitions setting up their respective claims and praying foreclosure of same.

After the building was completed, and prior to the filing of liens by the claimants, Mr. Grissom served a statement upon the various claimants showing the amount required to complete the building, and tendered the sum of $1,200.90 in payment of their aggregate claims.

The case was tried to the court and resulted in judgment for the plaintiff and the other lien claimants for the full amount of their respective claims, costs and attorney fees, said claims aggregating the sum of $2,658.71, as found by the court, exclusive of the costs and attorney fees.

It is conceded by the claimants that in the absence of modifying facts and circumstances, where the owner and contractor enter into a fair and reasonable contract in good faith for the construction or repair of improvements upon the owner's property, the liability of the owner and of his property so improved is limited to the contract price; and that this limitation includes subcontractors and other lien claimants. (42 O. S. 1941 § 143.)

The trial court found and held that the owner, by his own acts and conduct, had waived his rights under the contract and was estopped from. denying the claims of the subcontractors and other lien claimants. The appellant contends that the findings and conclusions of law and the judgment of the trial court are not sustained by the evidence.

The testimony seems to be conclusive on one point, and that is, McCoy, the general contractor, had no established credit in Ardmore, where the property is located, and was unable to purchase any materials or to let any subcontracts on his own credit. Without exception the lien claimants first talked with Mr. Grissom, the owner, before releasing any materials or performing any labor or services on the job. They wanted an understanding with the owner of the

property that they would be paid for their materials, labor, and services; and they all testified that they had such an understanding before any materials were furnished or any labor or services were performed.

As to the legal import of these conversations and the acts and conduct of the parties, the trial court found from the evidence that Mr. Grissom was personally obligated on the claims of Armstead & Henry, New State Hardware Company, J. D. Crittenden, and G. M. Russell, and we consider that the evidence amply justifies such findings of fact and conclusions of law.

As to the claim of Frensley Brothers Lumber Company, the evidence cannot be construed as an acceptance by Mr. Grissom of a personal liability for the materials furnished. Mr. Hamner, the manager of the lumber company, testified that McCoy came to him to arrange for materials; that he did not know him, but went to Grissom's Drug Store and talked to Mr. Grissom about paying for the materials, and that in the conversation Mr. Grissom remarked: "The house and lot will protect you, and I have a bond to protect me." He testified that this was before he delivered any materials, and that he would not have delivered said materials had it not been for this statement. Mr. Grissom, however, testified that this conversation took place after McCoy had abandoned the job. The evidence shows that all such materials so sold and delivered were charged on the books of the lumber company to V. A. Grissom and J. M. McCoy, and that the first deliveries were billed out in that manner, while a number of subsequent deliveries were billed out to J. M. Mc-Coy, "on Grissom job." This fact at least indicates that Hamner understood that his company would be protected for the full amount of its claim; and the trial court found from the evidence

that it was mutually understood by Mr. Hamner and Mr. Grissom that the lumber company would be fully protected in the payments of its bill by a lien upon the property to be improved by such materials as should be furnished for that purpose; and that relying upon said statement Mr. Hamner was induced to sell and deliver the materials used on said job in the sum of $2,007.68.

We think that the foregoing facts and circumstances constitute a valid and binding contract, by which the lumber company has a lien against the property for the full amount of its claim, and that the owner is estopped from asserting his right under the statute to limit his liability to the contract price specified in his contract with McCoy, the general contractor, and the judgment of the trial court as to this lien claimant is not clearly against the weight of the evidence.

In an action at law tried to the court which applies to the other lien claimants the rule as to the sufficiency of evidence to sustain the judgment is the same as in a cause triable to a jury; and where there is any competent evidence reasonably tending to support the findings of the trial court, a judgment based thereon will not be reversed on appeal. Smyers v. Raleigh, 189 Okla. 32, 113 P. 2d 363.

As to the right of the claimants to recover attorney's fees, the statute provides that where lien claimants are entitled to recover judgment on their claims, they are also entitled to recover a reasonable attorney's fee to be taxed as costs of the action. (42 O. S. 1941 § 176.)

The judgment of the trial court is affirmed.

OSBORN, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. GIBSON, V.C.J., concurs in conclusion. RILEY, J., absent.