KLEIN v. MOORE.

No. 33415. Oct. 4, 1949.

*210 P. 2d 363.*

Gilliland, Ogden, Withington, Shirk & Vaught, of Oklahoma City, for plaintiff in error.

Jess L. Pullen, of Oklahoma City, for defendant in error.

CORN, J. Plaintiff brought this action to recover the value of plate glass furnished defendant under a written contract. The petition alleged execution of the contract December 22, 1945, under the terms of which plaintiff was to furnish and install the plate glass to complete a building being erected by defendant, at an agreed price of $324.20; that because of a labor dispute plaintiff was prevented from installing same; that this work was done eventually by defendant, entitling defendant to an $18 credit and leaving a balance owing of $306.20.

Defendant's answer admitted execution of the contract, but alleged the glass was not furnished according to contract, not being received until April 4, 1946; that necessary cost of the installation was $58.06, and that a part of the glass, valued at $7.30, was never furnished and that plaintiff's claim should be reduced in these amounts.

By cross-petition defendant alleged plaintiff represented that the glass was on hand and available when such was not true, and defendant would not have entered into the contract except for such representation; that the building was completed and ready for installation of the glass approximately five weeks prior to delivery, but because of plaintiff's failure to make delivery of the glass the building stood open and exposed to the elements and was damaged in sum of $400; that plaintiff's failure to deliver the glass according to the contract caused defendant to lose $340 rent, for which items defendant asked judgment upon its cross-petition.

Plaintiff's reply, and answer to the cross-petition, was a general denial. Upon the issues presented the case was tried to a jury, and a verdict was rendered for plaintiff for the amount sought in the petition. Defendant submits two propositions as grounds for reversal.

Defendant first urges that failure or delay in performance of a contract, allegedly occasioned by strikes or labor disputes, is an affirmative defense which plaintiff was required to specifically plead. The contract contained the following provision:

"Work will be executed as promptly as possible if contract is awarded us, subject to delays occasioned by strikes,' lockouts, fires, carriers and other causes beyond our control."

Plaintiff's petition made the following allegation:

"That said glass was furnished according to the terms of said contract and that, due to a labor dispute which made it impossible for the plaintiff's employees to fit the glass, all of which was beyond the control of this plaintiff and which was specifically excepted in paragraph one of said contract, plaintiff was unable to fit the glass, an item of $18.00."

Plaintiff's evidence was that he furnished the glass according to the contract, but because of labor troubles on defendant's building his men could not install same and defendant came and got the glass, using plaintiff's truck for the purpose; he further denied having represented that the glass was on hand, and stated that his delays on the contract were caused by labor troubles upon the job, and strikes which prevented manufacturers from being able to supply glass as needed.

Other evidence for plaintiff was given by a party who testified there was a "lockout" on the Klein job and plaintiff's employees were ordered to stay off that job, and for such reason they were unable to install the glass in defendant's building. Defendant objected to the introduction of any testimony of this nature.

Evidence in defendant's behalf was that plaintiff's agent advised the glass was on hand to be used when needed and they started demanding the glass in January, 1946, but after repeated

demands completion of the building was delayed for three months, and then had to be installed by defendant's employees at a cost of approximately $55.

Testimony as to injury to the building occasioned by plaintiff's failure to deliver the glass was refused. However, defendant was allowed to introduce testimony that because the building was incomplete a loss of $150 in reduced rentals resulted; and, that being uncompleted there was a period when no rent could be charged, resulting in $350 loss. There was further cumulative testimony to the effect that after being notified of the need for the glass in January, 1946, plaintiff did not furnish same and the building could not be completed.

Defendant urges that inasmuch as plaintiff relied upon the strike clause in the contract as excusing delay in performance, this was an affirmative defense that had to be specifically pleaded. Supporting this argument defendant cites numerous decisions from this court wherein various matters have been held to be affirmative defenses. See McGrath v. Durham, 151 Okla. 55, 1 P. 2d 718; Saunders v. McKee, 177 Okla. 357, 58 P. 2d 1234; Cooper v. Flesner, 24 Okla. 47, 103 P. 1016; Lakeview, Inc. v. Davidson, 166 Okla. 171, 26 P. 2d 760; Venmex Oil Co. v. Thomas, 189 Okla. 407, 117 P. 2d 540.

It is to be noted that the cases relied upon are cases wherein a party defendant failed to specially plead matters in avoidance of the cause declared upon by plaintiff.

Analysis of the pleading filed herein reflects that plaintiff's petition set forth execution of the contract and that the glass was furnished according to the terms thereof, except that a labor dispute prevented installation of same according to the contract terms, such failure being specifically excused under the exception to the contract quoted above.

The answer denied plaintiff furnished glass according to the contract, that the cost of installation was in the amount alleged, or that plaintiff furnished all glass required by contract. Then, by cross-petition, defendant alleged it only entered into the contract upon plaintiff's representation the glass was on hand, when, in fact, repeated demands for delivery were unavailing. Thereafter defendant set up its claim for damages alleged to have resulted from nonperformance.

Plaintiff's reply denied generally the allegations of the answer and cross-petition.

Defendant argues that, insofar as the pleadings were concerned, defendant went to trial with no knowledge that plaintiff would rely upon labor trouble in defense to defendant's cross-petition. Thus defendant argues that although plaintiff had the right to introduce such testimony in defense to defendant's cross-petition for damages, it obviously was "unfair" to permit this without plaintiff having pleaded same and without giving defendant any opportunity to meet this with its own evidence.

This argument is clearly without substantial merit. Plaintiff specifically alleged that the failure to fully comply with the contract resulted from labor troubles, which were excepted under the terms of the contract itself. Plaintiff relied upon the contract, and pleaded labor troubles as excusing the nonperformance. Under such circumstances it cannot be said that defendant was not apprised of the matter by plaintiff's pleading. And, having specifically alleged such matters in the petition the issue certainly was sufficiently presented so as not to require its reiteration in answer to the cross-petition.

In Venmex Oil Co. v. Thomas, supra, par. 4 of the syllabus states:

"The general rule is that any fact which avoids the action and which the plaintiff is not bound to prove in the first instance in the support of it is new matter and must be specially pleaded."

The interpretation sought to be placed upon this rule cannot be applicable herein. Plaintiff did not assert the matters relating to labor disputes as matters of defense. The pleadings clearly show that such matters were pleaded by plaintiff as excusing nonperformance of that portion of the contract plaintiff admittedly had not performed. No ground exists for the reverse application of the general rule such as defendant seeks to urge herein.

Defendant next contends that certain injuries to the building allegedly resulting from plaintiff's failure to furnish component parts of the building upon schedule are proper elements of damage and recoverable. This contention is based upon error alleged in the trial court's refusal to permit certain evidence that $400 damages to the building resulted from plaintiff's failure to deliver the glass when requested, although defendant tried to prevent damage by the elements during the intervening period. The trial court refused to allow this testimony for the reason such was not an element of damage reasonably within contemplation of the parties.

To support this argument defendant relies upon 23 O. S. 1941 §§21 and 29, which sections define the measure of damage for breach of an obligation arising from contract, and the measure of damage for a seller's breach of agreement to deliver personal property under a contract. Several decisions are cited, in which cases we have sustained items of damages which defendant urges were no less remote or improbable than the injuries from the elements presented herein, although it is admitted that we have not passed on the exact item presented herein. See Consolidated Pipe Line Co. v. British American Oil Co., 163 Okla. 171, 21 P. 2d 762; Oklahoma Natural Gas Co. v. Pack, 186 Okla. 330, 97 P. 2d 768; City of Chickasha v. Hollingsworth, 56 Okla. 341, 155 P. 859.

We are of the opinion that cases cited by defendant are not controlling. Plaintiff's action was to recover upon a contract under which he had substantially performed, and the failure to fully perform was excused under an exception to the contract. There was no showing of bad faith or negligence upon the part of plaintiff, and it was shown that the delay, during which period the alleged damages occurred, resulted from defendant's own action which created the condition making full compliance with the contract impossible.

Inasmuch as the contract plainly excepted performance in the event of the named exception beyond plaintiff's control, it cannot be said that the parties in any manner contemplated responsibility for any damages that might arise as the result of such contingencies. It is settled that the construction to be given an unambiguous contract is a matter of law for the court. Selected Investments Corp. v. Spencer-Sedbrook, 196 Okla. 565, 166 P. 2d 764.

We necessarily conclude that the trial court was correct in refusing to admit proof concerning such items of damage, upon the ground that under the contract provision, such was not an element of damage within the contemplation of the parties.

In such cases, as considered herein, the rule is of long standing that where a contractor or builder has in good faith endeavored to perform everything required of him under the terms of the contract for construction, and has in fact substantially performed same, he is entitled to the contract price, less proper deductions for omissions, defects or deviations chargeable to him, particularly where the owner occupies and uses the building. See Busboom v. Smith, 199 Okla. 688, 191, P. 2d 198 and authorities cited.

Judgment affirmed.