**O. Q. KIZZIAR and Mildred Kizziar, his wife, Appellants,**

v.

**B. L. DOLLAR, an individual doing business as B. L. Dollar Construction Company, Appellee.**

No. 5987.

United States Court of Appeals
Tenth Circuit.

July 23, 1959.

Rehearing Denied Aug. 20, 1959.

C. E. Hall, Oklahoma City, Okl. (E. E. Gore and W. T. Gore, Altus, Okl., on the brief), for appellants.

Robert B. Harbison, Altus, Okl. (Ross Rutherford and Harbison & Whiteside, Altus, Okl., on the brief), for appellee.

**916**

Before MURRAH, PICKETT and BREITENSTEIN, Circuit Judges.

PICKETT, Circuit Judge.

On November 12, 1956 the plaintiff and the defendant, O. Q. Kizziar, entered into a written contract whereby the plaintiff agreed to construct a building on property owned by the defendant and his wife for an agreed price of $20,000. This action was brought to recover the full amount due on that contract and the additional sum of $2,863.50 alleged to be due on a subsequent oral contract for an enlargement of the building as originally planned. The plaintiff also sought the foreclosure of a mechanics' and materialmen's lien on the property and the recovery of a reasonable attorney fee for enforcing the lien. As a separate cause of action, plaintiff requested judgment for the balance which Kizziar allegedly owed him on a former contract. The case was tried without a jury, and the court found for the plaintiff on the written and oral contracts of the first cause of action, and entered judgment in the requested amounts less certain deductions. The court also ordered the lien foreclosed by sale of the property and allowed $2,500 for costs and attorney fees. Judgment was also entered in favor of the plaintiff for $902.60, the full amount alleged to be due on the former contract.

█ █ With regard to the first cause of action, the defendants urge that the written contract sued upon was entire and indivisible and that performance by the plaintiff was insufficient to permit recovery thereon. The law is settled in Oklahoma that when a contractor and builder has in good faith endeavored to comply with the terms of a contract, literal compliance in all details is not essential to recovery, especially where the owner has taken possession of the building. In Robinson v. Beaty, 75 Okl. 69, 181 P. 941, 942, the Oklahoma Supreme Court said:

"Since the rule of exact or literal performance has been relaxed, literal compliance with a building contract is not essential to a recovery there-

on, but a performance thereof in all its material and substantial particulars is sufficient."

There is substantial performance when the builder has in good faith intended to perform his part of the contract and has done so in the sense that the building is substantially what is provided for, and there are no omissions or deviations from the general plan which cannot be remedied without difficulty. 3 Williston, Contracts, § 842 (Rev.Ed., 1936); Restatement, Contracts, § 275; 9 Am.Jur., Building and Construction Contracts, § 42; Vol. 40, Words and Phrases, Substantial Performance.

█ When there has been substantial performance, the measure of recovery is the amount stipulated in the agreement less the reasonable cost of remedying defects and omissions to make the building conform to the contract. Klein v. Moore, 202 Okl. 88, 210 P.2d 363; Busboom v. Smith, 199 Okl. 688, 191 P.2d 198, and cases there cited. In Lane v. F. S. Miller Lumber Co., 101 Okl. 14, 222 P. 968, 969, the court quoted with approval from Kelley v. Hamilton, 78 Okl. 179, 189 P. 535, as follows:

"A contractor and builder who has in good faith endeavored to perform all that is required of him by the terms of his contract for the construction of a building, and has in fact substantially performed the same, is ordinarily entitled to sue upon his contract and recover the contract price less proper deductions therefrom on account of omissions, deviations, and defects chargeable to him, especially where the owner occupies and uses such building."

See also 9 Am.Jur., Building and Construction Contracts, §§ 40, 43; Annotation 38 A.L.R. 1383; Annotation 65 A. L.R. 1297.

█ There is no indication of bad faith on the part of the plaintiff and, from an examination of the record, we are satisfied that there was substantial performance of the contract on his part. The building in question was constructed

for use as a medical clinic and the defendants' lessee has occupied it since the first part of April, 1957.[1] During construction numerous changes in the plans were made at the request of the lessee and the defendants.

The trial court found all of the deviations from the specifications except two were authorized by subsequent agreement of the parties. The two exceptions relate to the roof and the heating and airconditioning equipment. The plans and specifications required what was described as a "5-ply built-up roof". The roof installed was 4-ply and the court allowed a deduction of $150 which, according to the evidence, would be the reasonable cost of placing an additional ply on the roof. The specifications provided for a central heating and airconditioning system "ducted in". The system was to be Chrysler Air Temp, or its equal, with an air duct into each room, but the size of the unit was not specified. It is agreed that the type of heating and airconditioning unit installed was equal to the Chrysler product, but the court found that the system was inadequate to properly cool the building. The court also found that the deficiency could be overcome by the installation of window airconditioners at a cost of $750, and allowed that amount as a deduction from the contract price. There was evidence that Kizziar approved the use of the particular make of heating and cooling system which was installed, but that approval would not authorize the installation of a system which was of a different type than that specified or which was inadequate for its intended purpose. The defendants are paying for and are entitled to a central system with sufficient capacity to heat and cool the building in a reasonable manner, and the court should have determined and made allowance for the additional cost to provide such a system. Mitchell v. Spurrier Lumber Co., 31 Okl. 834, 124 P. 10.

We think the evidence sustains the finding that a number of the remaining variations, alterations and adjustments made during the course of the construction were authorized by subsequent agreement of the parties. There are, however, some items required by the contract specifications which were not completed or installed and which were not waived.[2] For the contract price, the defendants are entitled to a completed building. Unless this failure resulted solely from defendants' conduct which prevented completion, there should have been an allowance for the necessary cost of completing the building as planned.

Complaint is made that the foundation did not meet the specifications and that the variance was not authorized. The evidence is without conflict that the foundation, although not equal to that specified, was standard and adequate for this type of building. No evidence was introduced at the trial as to the cost of providing a foundation equal to the specifications. In the absence of a showing that the foundation was to be of certain specifications for a particular reason, the plaintiff having provided one that was standard and adequate for the building, the requirements of the substantial performance rule are satisfied.

Defendants contend that the trial court erred in finding that the parties entered into an oral contract for a building larger than the one contem-

---

1. The court made this finding:
"16. That during the whole of the period of construction of said Srigley Clinic building the defendant Mildred Kizziar had full knowledge thereof and advised with the plaintiff from time to time as to various features of said construction and that upon completion of said building and in the month of April, 1957, the defendants O. Q. Kizziar and Mildred Kizziar entered into possession of said building, and have since accepted the rental benefits accruing therefrom."

2. These include such minor items as unfinished painting, cleaning of tile floors, omissions of certain moulding, bathroom locks, medicine cabinets, etc. The items to be allowed shall be limited to those found to be required by the contract and may be determined from the record or from additional evidence, or both.

plated by the written contract. As to the existence of this oral agreement, the evidence is in direct conflict. The plaintiff testified that the building, as originally proposed, was to be 70′ in length and 35′ in width; that after construction was started it was agreed between the parties that the length of the building would be extended to 77′, at an additional cost of $2,863.50. Defendants deny that any such agreement was entered into. The doctor who was to occupy the building testified that it was his original understanding that the building was to be 70′ x 35′ and that he was pleased to hear of the extension. There is other evidence which tends to support the oral agreement, consequently the finding is not clearly erroneous.

■ Before construction was commenced, the lessee of a portion of the premises advanced the sum of $3,500 to the plaintiff and accepted a promissory note signed by the plaintiff and the defendant O. Q. Kizziar. Defendant contends that he should have been given credit on the judgment for this amount.[3] The trial court recognized plaintiff's primary liability on the note and directed that it be paid from the proceeds of the lien foreclosure sale. The plaintiff and the defendant O. Q. Kizziar are liable on the note and each is entitled to be protected against double payment. As all parties agree that the note should be paid from the judgment funds, we are satisfied that the court, the parties, and their attorneys, will devise a method to protect all concerned.

■ The defendants challenge the allowance of a $2,500 attorney fee to the plaintiff. 42 O.S.A. § 176 provides that in an action to enforce any lien, the party for whom judgment is rendered shall be entitled to a reasonable attorney fee to be fixed by the court and taxed as costs. A lien claimant recovering judgment against the owner of a building for material and services is entitled to re-

cover a reasonable attorney fee under the statute. Grissom v. Frensley Bros. Lumber Co., 192 Okl. 413, 136 P.2d 887. The plaintiff alleged in his complaint that the reasonable attorney fee was $2,000 for the foreclosure of the lien. Defendants contend that the court erred in allowing a $2,500 fee and that the judgment should have been reduced to $2,000. The plaintiff filed a motion requesting that a reasonable attorney fee be fixed by order of the court and taxed as costs. There was a hearing upon this motion which resulted in the allowance of a $2,500 attorney fee. The evidence in support of the motion is not in the record, and we must assume that it was sufficient to support the allowance. The plaintiff would not be bound by the $2,000 allegation, and if the evidence was sufficient to sustain a higher award, the complaint would be considered amended to conform to the proof. Fed.Rules Civ. Proc. rule 15(b), 28 U.S.C.A.; C. I. R. v. Finley, 10 Cir., 265 F.2d 885; Decker v. Korth, 10 Cir., 219 F.2d 732, certiorari denied 350 U.S. 830, 76 S.Ct. 61, 100 L. Ed. 740; Underwriters Salvage Co. of N. Y. v. Davis & Shaw Furniture Co., 10 Cir., 198 F.2d 450.

■ The second cause of action in plaintiff's complaint is for the balance due on a previous building contract between the same parties. The evidence as to the amounts paid or credited on this balance is conflicting. The determination of the issue depended upon the credibility which the trial court attributed to the testimony of the various witnesses. There is no merit to the contention that there is insufficient evidence to sustain the $902.60 judgment entered by the court.

■ Prior to entry of the judgment, the defendants filed motions for a new trial and "to open judgment for additional evidence". The denial of these motions is assigned as error. The purpose of the motions was to permit the

---

3. The lessee testified that he had not paid the defendants any rentals but had credited them on the $3,500 note. The plaintiff concedes that the defendant, O. Q.

Kizziar, is entitled to credit for any amount he has paid on the note by allowance of rental credits or otherwise.

introduction of newly discovered evidence "which shows material statements of plaintiff were not true", and "if believed by the court, would substantially prove that" the judgment should be modified, corrected or amended. Motions of this nature are addressed to the sound discretion of the trial court and a denial will be disturbed only when clearly erroneous. Roberts v. Sawyer, 10 Cir., 252 F.2d 286; Barrington v. Swanson, 10 Cir., 249 F.2d 640; Patterson v. National Life & Accident Ins. Co., 6 Cir., 183 F.2d 745; Trapp v. United States, 10 Cir., 177 F.2d 1, certiorari denied 339 U.S. 913, 70 S.Ct. 573, 94 L.Ed. 1339. We find no abuse of discretion in the action of the court in disposing of these motions.

The case is remanded for additional findings in accordance with the views herein expressed and a modification of the judgment accordingly.