Nicholas **JANNES** et al., Plaintiffs,

v.

**MICROWAVE COMMUNICATIONS, INC., et al., Defendants.**

No. 69 C 2252.

United States District Court, N. D. Illinois, E. D.

Nov. 15, 1974.

See also, D.C., 65 F.R.D. 474.

Isham, Lincoln & Beale, Charles A. Bane, Peter C. John, George W. Gillmor, Chicago, Ill., for plaintiffs.

Jenner & Block, Lynne E. McNown, Levy & Erens, Jay Erens, Kirkland & Ellis, Altheimer & Gray, Lionel G. Gross, Ronald J. Sklar, ·Chicago, Ill., for defendants.

## MEMORANDUM AND ORDER

ROBSON, Chief Judge.

This matter is before the court on defendant Goeken's motion for summary judgment.[1] For the reasons hereinafter stated, this motion shall be granted only as to preclude Microwave Communications of America, Inc. (MI-COM) from recovering as a shareholder of Microwave Communications, Inc. (MCI) under Rule 56 of the Federal Rules of Civil Procedure.

This derivative securities fraud action was brought by a shareholder of MCI on behalf of MCI against MI-COM, the ·corporation that now owns a significant portion of the stock of MCI. Also, the Chairman of MI-COM, William G. McGowan, and former directors of MCI, including John D. Goeken, were named as defendants.

It is alleged that MCI was injured by the defendants through an alleged scheme which violates section 10(b) of the Securities Exchange Act of 1934 and through waste and mismanagement.

Defendant Goeken has moved for summary judgment on the ground that MCI has no right to recover for the alleged acts because the principal beneficiary of any recovery would be MI-COM, the owner of more than 90% of the stock of MCI, and MI-COM did not become a shareholder of MCI until after the occurrence of all the alleged wrongs.

Defendant bases his motion on the recent United States Supreme Court case of Bangor Punta Operations, Inc. v. Bangor & Aroostook Railroad Company, 417 U.S. 703, 94 S.Ct. 2578, 41 L.Ed.2d 418 (1974). In *Bangor Punta*, Bangor Punta Corp., through its wholly-owned

---

1. Defendants Thomas J. Hermes, Leonard Barrett, Nick Phillips and Phillip Pree have adopted defendant Goeken's motion and supporting memoranda for summary judgment as their own.

subsidiary, acquired 98.3% of the outstanding stock of Bangor & Aroostook Railroad Co. (BAR) in 1964 by purchasing all the assets of BAR's holding company, Bangor & Aroostook Corp. (B&A). In 1969, Bangor Punta, again through its subsidiary, sold all its BAR stock to Amoskeag Co. In 1971, BAR and its subsidiary filed an action against Bangor Punta and its subsidiary, alleging various acts of corporate mismanagement of BAR during the 1960–1967 period by Bangor Punta and B&A, and seeking damages for violations of federal antitrust and securities laws, state statutes and state common law. The Supreme Court held that Amoskeag would be the principal beneficiary; however, Amoskeag acquired its shares after the occurrence of the alleged wrongs and therefore was not a contemporaneous owner. Amoskeag did not have standing to maintain this action and would be unjustly enriched since it alleged no fraud and was not injured. *See, e. g.,* Wool v. Solar Aircraft Company, 47 Ill.App.2d 84, 90–91, 197 N.E. 2d 477, 481 (1st Dist. 1964).

The *Bangor Punta* case is remarkably similar to the case before this court. Here, MI-COM, the present owner of more than 90% of the stock of MCI, did not acquire its holdings until after the occurrence of the alleged wrongs. The plaintiffs contend that there are sufficient differences between *Bangor Punta* and this case to permit this court to distinguish between the two cases.

Noteworthy is plaintiffs' contention that, unlike *Bangor Punta* where the principal beneficiary initiated the litigation, here MI-COM is a defendant and the suit was commenced before MI-COM purchased its stock in MCI. However, this argument flies in the face of plaintiffs' position. If plaintiffs prevail, and it is thereby determined that MI-COM is guilty of some wrongdoing, the interests of equity would certainly demand that the wrongdoer should not profit from his own wrong. The commencement of the suit before MI-COM's purchase of MCI shares is irrelevant since the principal beneficiary at the present time was not a contemporaneous owner of shares at the time the suit was brought.

Also worthy of discussion is plaintiffs' contention that many of the present MI-COM shareholders were in fact MCI shareholders at the time of the alleged wrongs. These are the shareholders who participated in the 1973 MI-COM exchange offer. Under this theory these shareholders have suffered injury if plaintiffs' allegations are true. However, a closer look at the percentage of MI-COM shareholders (assuming these shareholders have not disposed of their shares since the exchange offer) who previously owned stock in MCI indicates that such percentage is not significant enough to reduce MI-COM's status as a potential principal beneficiary.

Plaintiffs' contention that MI-COM would not be the principal beneficiary if the court grants the relief requested by plaintiffs is without merit since the court is not limited by plaintiffs' demand for relief. Kizziar v. Dollar, 268 F.2d 914, 918 (10th Cir.), cert. denied, 361 U.S. 914, 80 S.Ct. 258, 4 L.Ed.2d 184 (1959). Moreover, since plaintiffs' prayer for relief requests that the assets of MI-COM, including its MCI stock, be transferred to MCI, a non-contemporaneous owner (MCI) would still be reaping a windfall benefit to the extent of the precentage of transferred MCI stock if such prayer were granted.

This court is of the opinion that defendants' motion for summary judgment should be granted only as to preclude MI-COM from recovering as a shareholder of MCI. However, this court determines that equity demands that the remaining qualified shareholders be permitted to recover in this derivative action in their personal capacities. This court has the power to fashion such a remedy for these shareholders. Perlman v. Feldmann, 219 F.2d 173, 178 (2d Cir.), cert. denied, 349 U.S. 952, 75 S.Ct. 880, 99 L.Ed. 1277 (1955); Johnson v. American General Insurance Co., 296 F.Supp.

761

802, 809 (D.D.C.1969); *see also Bangor Punta, supra*, 94 S.Ct. at 2587, n. 15; Southern Pacific Co. v. Bogert, 250 U.S. 483, 39 S.Ct. 533, 63 L.Ed. 1099 (1919).

It is hereby ordered that defendants' motion for summary judgment be granted only as to preclude MI-COM from recovering as a shareholder of MCI.