Andrew L. GRANAT, Appellant,

v.

Charmaigne SCOTT, Respondent.

No. 54880.

Missouri Court of Appeals, Eastern District, Division One.

Feb. 14, 1989.

Theodore S. Schechter, Bruce E. Friedman, Clayton, for appellant.

CRIST, Judge.

Appellant (father) appeals an award of attorney fees and suit money in the amount of $22,000 in favor of respondent (mother) relating to motions to modify the parties' 1980 dissolution decree in respect to custody and support of their two minor children. We affirm.

Mother was granted custody of the children under the dissolution decree, and it was father's responsibility to pay $150 per month per child in child support. On May 29, 1984, father filed his motion to modify the decree by giving him primary custody of the children. Mother filed a counter-motion to modify asking for an increase in child support. The motions were first set for hearing on September 4, 1984. On March 7, 1988, three and one-half years later, hearings began on the motions.

After four days of testimony, the parties entered into a consent order regarding all disputed matters except attorney fees. Primary custody of the oldest child was transferred to father's parents, and both mother and father were ordered to pay child support in the amount of $100 each. Father's child support responsibility for the youngest child was increased to $300 per month.

As previously stated, the only matter remaining before the court on the final day of trial was the issue of the allowance of attorney fees. Mother's lawyers presented their bill for attorney fees in the amount of $35,718.50 and for expended costs in the amount of $3,370.03, for a total of $39,088.53. Mother had already paid $17,153.40, leaving a balance due of $21,935.13. Mother was awarded attorney fees in the amount of $22,000.

Father's lawyer did not object to mother's lawyer's fee statement nor ask any questions as to its being excessive. He introduced his own firm's fee statement for services to father in the sum of $22,618.07

($28,237.50 less $5,619.50 professional courtesy discount to father who is a lawyer). The trial court awarded the guardian ad litem a fee of $5,247. The only issue before us is whether the award of $22,000 to mother for attorney fees was an abuse of discretion.

▮ "[T]he trial court is an expert on the issue of attorney's fees and is given wide latitude in the allocation of fees and costs." *Mills v. Mills,* 663 S.W.2d 369, 374 [12] (Mo.App.1983). A decision by the trial court regarding attorney fees will only be reversed upon a finding of manifest abuse of discretion. *Id.*

Father first asserts mother was not entitled to attorney fees in any amount. However, there was ample evidence from the record and from father's failure to keep adequate records to show father was more capable of paying the attorney fees than mother. § 452.355, RSMo 1986. Setting out the details would be of no benefit to the parties.

Father next asserts the amount of the award for attorney fees was excessive. The record shows this case resulted in protracted litigation culminating in a five-day hearing which produced a transcript in excess of 1500 pages. The amount of the fee was not contested at trial, in fact, father's attorney produced a bill for his own fee in excess of $22,000. Under the facts of this case, we are unable to find the $22,000 award to be a manifest abuse of discretion. *See Mills,* 663 S.W.2d at 374.

The judgment of the trial court is supported by substantial evidence and is not against the weight of the evidence. No error of law appears, and an extended opinion would have no precedential value. All pending motions of the parties in this court are denied.

Judgment affirmed in accordance with Rule 84.16(b)

CRANDALL, P.J., and REINHARD, J., concur.